THE STATE, on the Relation of POWELL, Administrator, *v.*
BIDDLE.

MANDATE.—*Supreme Court.*—*Jurisdiction.*—The Supreme Court has no jurisdiction to award a writ of mandate where said writ is not necessary to the proper discharge of the duties of said court as an appellate court.

DOWNEY, C. J.—Application for a mandate on the following statement of facts : On the 6th day of June, 1869, Jesse

Hardin recovered judgment for eight hundred dollars, in the common pleas of Cass county, against the Columbus, Chicago, and Indiana Central Railway Company. An execution was issued thereon, and returned no property found. On the 21st day of February, 1871, Hardin commenced a suit in the Cass Circuit Court, against the said company, with a view of having the franchises of the corporation declared forfeited and a receiver appointed.

The railway company then appealed from the judgment of the common pleas, and obtained a supersedeas from this court in that case. Hardin departed this life, and the relator was appointed administrator of his estate.

Hon. Horace P. Biddle, judge of the Cass Circuit Court, on production of the supersedeas and proof that bond had been duly executed, as required in order to make the supersedeas effective, made an order, on motion of the railway company, staying any further proceedings in the case in the circuit court, until the appeal from the judgment of the common pleas shall have been disposed of in this court. We are now asked to issue a writ of mandate, directed to Judge Biddle, commanding him to proceed in the case pending in his court.

Two questions arise: first, has this court jurisdiction to award the writ? and, second, do the facts stated justify its issue?

The only jurisdiction which this court has is that expressly conferred upon it. It is declared in the constitution of the State, that "the Supreme Court shall have jurisdiction, co-extensive with the limits of the State, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the general assembly may confer." Art. 7, sec. 4.

It is provided by statute, that "writs of mandate and prohibition may issue from the supreme and circuit courts, and courts of common pleas of this State; but such writs shall issue from the Supreme Court only when necessary

The State, on the Relation of Powell, Administrator, *v.* Biddle.

for the exercise of its functions and powers." 2 G. & H. 320, sec. 738. We know of no other statute bearing on this question.

In England an appropriate remedy in such a case was the writ of *procedendo ad judicium*, issued out of the court of chancery, commanding the judges, in the king's name, to proceed to judgment; and if they refused to do so, they were liable to be attached and punished. As the king is there, in theory at least, the source or fountain of justice, and bound to see that the laws are duly administered, the writ appropriately issued out of chancery, and was under the great seal. In this State, the writ of *procedendo* is not provided for, and has never been in use in our practice. The same purpose, however, is accomplished, both here and in England, by the writ of *mandamus* or mandate. But so far as this court is concerned, the power to award the writ is confined, as we have seen, to those cases where it is necessary in the appropriate discharge of its duties as an appellate court; such, for instance, as to compel a judge to sign and seal a bill of exceptions, or to carry out instructions given by the court with reference to further proceedings in a cause remanded by this court, etc.

The case at bar seems to be an independent and original proceeding, not in any way necessary to the proper discharge or exercise of the functions and powers of this court. We are therefore of the opinion that we have no jurisdiction or power to award the writ in this case.

Being of this opinion, we need not examine the question as to the sufficiency of the facts to justify the issuing of the writ.

Petition dismissed.

*D. P. Jenkins*, for plaintiff.