## WALLS v. PALMER.

ATTORNEY.—*Judgment Disbarring*—*Appeal to Supreme Court.*—An appeal lies to the Supreme Court, from the judgment of a circuit court suspending an attorney thereof from practice therein.

SAME.—*Disbarment on Void Judgment.*—*Remedy.*—*Mandate.*—Where an attorney has been suspended from practice by a void judgment, mandate is a proper remedy to restore him to his rights.

SAME.—*Jurisdiction of Supreme Court.*—The Supreme Court has no jurisdiction to issue a writ of mandate compelling the judge of an inferior court to allow an attorney who has been disbarred in that court to practice therein.

SAME.—*Effect of Appeal and Supersedeas.*—A judgment suspending an attorney from practice executes itself, except as to the collection of costs, and is not affected by an appeal therefrom to the Supreme Court and the obtaining of a supersedeas, except as to costs ; as such appeal and supersedeas do not authorize him to do any thing forbidden by the judgment of suspension.

Petition in the Supreme Court.

*C. S. Wesner*, *S. H. Buskirk* and *J. W. Nichol*, for petitioner.

*T. J. Terhune*, for respondent.

BIDDLE, J.—Petition by William B. Walls for a writ of mandate against Truman H. Palmer.

The material facts set forth in the petition may be stated as follows :

That, at the March term, 1871, of the Boone Circuit Court, now within the Twentieth Circuit, the petitioner was duly admitted to practice as an attorney and counsellor at law ; that, from that time to the present, he has continued to practice as such in said court and circuit ; that Truman H. Palmer is the judge of said circuit ; that, on the 4th day of February, 1878, Thomas J. Terhune, in pursuance of an order previously made by the Boone Circuit Court, presented to the said court certain charges affecting the character of the petitioner as an attorney and counsellor at law, to which he appeared and answered by a denial ; that the issues of fact thus found were submitted to a jury for trial, on the 8th day of March, 1878, which

resulted in a verdict against your petitioner; that a motion for a new trial was overruled, whereupon the court rendered a judgment suspending the petitioner from practising as an attorney and counsellor at law, from which judgment the petitioner appealed to this court, and filed his bond conditioned according to law; that, on the 6th day of May, 1878, the petitioner filed a transcript of the said proceedings and judgment in the clerk's office of this court, with the proper assignments of error thereon; that, within sixty days after filing said appeal bond, the petitioner obtained from one of the judges of this court an order staying proceedings upon the judgment of the court below, on the condition of filing a proper bond, according to law, which bond was filed and approved; that the September term of the Boone Circuit Court commenced on the 2d day of September, 1878; that petitioner is employed as counsellor in about fifty cases pending in said court; that, on the 6th day of September, 1878, the Hon. Truman H. Palmer, judge of said court, appeared in open court and entered upon the discharge of his duties as judge thereof; that, on the 9th day of September, while said judge proceeded with the call of the attorneys of said court for motions, said judge omitted to call the name of the petitioner as an attorney, although he represented a large number of litigants in said court; that said judge called and passed over certain cases in which the petitioner was employed as an attorney, and which were ready for trial, and proceeded to call and try causes in which the petitioner was not interested; that the petitioner thereupon claimed to have all the rights and privileges of an attorney in said court, and demanded that he should be permitted, as matter of right, to represent his clients, and proceed with the trial of causes in which he was retained, but said judge refused to recognize the petitioner as an attorney and counsellor of said court; that said judge has stated to cer-

tain persons that he did not intend to recognize the petitioner as an attorney and counsellor of said court, nor to allow him to practise therein.

Wherefore the petitioner prays for a writ of mandate against the said judge, commanding him to appear in this court and show cause why the petitioner shall not be permitted to practise as an attorney and counsellor at law in said court, and in the courts of the said Twentieth Judicial Circuit.

By the common law, and in the common-law courts, the power rested exclusively with the courts to determine who should practise therein as attorneys and counsellors at law ; but it was a power to be regulated by a sound legal discretion in guarding the rights and privileges of the bar, as well as the dignity and authority of the court. *Ex parte Secombe*, 19 How. 9. In the State of Indiana this common-law power of the courts is regulated by statute. 2 R. S. 18-76, pp. 304, 306-309, secs. 771, 777, 778, 779, 780, 781. At common law an appeal would not lie from a judgment suspending or disbarring an attorney, but such an appeal in this State is granted by statute. Sec. 781, *supra; Ex parte Robinson*, 3 Ind. 52 ; *Whittem* v. *The State*, 36 Ind. 196.

When an attorney has been improperly suspended, or disbarred by a judgment which is a nullity, the writ of mandate is a proper remedy to restore him to his rights; but when he has been properly suspended or disbarred, the writ will not lie. The authorities, we believe, uniformly support the above propositions. *Ex parte Burr*, 9 Wheat. 529 ; *In the Matter of P. Gephard*, 1 Johns. Cas. 134 ; *Austin's Case*, 5 Rawle, 191 ; *The Commonwealth, ex rel. Brackenridge,* v. *The Judges of the Court of Common Pleas,* etc., 1 S. & R. 187 ; *In re John Percy*, 36 N. Y. 651 ; *In the Matter of Mills, an Attorney*, 1 Mich. 392 ; *In the Matter of Francis Blake*, 107 Eng. C. L. 33 ; S. C., 3 Ellis & E. 34 ; *Withers* v. *The State*, 36 Ala. 252 ; *The People* v. *Turner*, 1 Cal.

143; *Ex parte Bradley*, 7 Wal. 364; High Extraordinary Legal Remedies, secs. 216, 224; 1 Waits' Actions & Defenses, 433. We include in the above list the authorities cited on behalf of the petitioner, as we think they support our own views.

The petition in this case does not show that the judgment suspending the petitioner from the practice of his profession is improper; upon that ground, therefore, it is insufficient. But it is urged that the appeal and supersedeas, as set forth in the petition, by staying the judgment of suspension, has the effect of restoring the petitioner to his rights as an attorney and counsellor during the pendency of the appeal. There is no direct averment in the petition that the appeal and supersedeas, or either of them, are still pending and in force; and, if they were, we could not hold that they, or either of them, would have the effect contended for by the petitioner. To give them that effect, and grant the prayer of the petitioner, would be to reverse the judgment of the suspension by a writ of mandate before the appeal is judicially decided. The effect of the appeal and supersedeas is to stay the judgment of suspension as it is, and prevent further proceedings against the petitioner. It does not reverse, suspend or supersede the force of the judgment. That remains in all respects the same. The judgment itself requires no further execution than its own terms; it executes itself, except as to the collection of costs, which is stayed by the appeal and supersedeas. The only effect of an appeal to a court of error, when perfected and while pending, is to stay execution upon the judgment from which it is taken. *Montgomery* v. *Jones*, 5 Ind. 526; *Nill* v. *Comparet*, 16 Ind. 107; *Burton* v. *Reeds*, 20 Ind. 87; *Burton* v. *Burton*, 28 Ind. 342.

An appeal from a judgment will not authorize or allow the party appealing to do any act which, by the judgment, he is forbidden to do. *The State, ex rel. Matthews,* v. *Chase,* 41 Ind. 356.

But, if the petitioner had made a proper case to entitle him to the relief he seeks, the question, whether this court has the power to issue a writ of mandate in such a case, and grant relief in the manner it is prayed for, would still remain to be settled. That the judgment of suspension, if erroneous, should be reversed on appeal, can not be doubted. *Mattler* v. *Schaffner*, 53 Ind. 245.

The constitution provides, that " The Supreme Court shall have jurisdiction, co-extensive with the limits of the State, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer." Art. 7, sec. 4. The only original jurisdiction conferred upon the Supreme Court by the General Assembly, as to writs of mandate, is by statute, as follows: "Writs of mandate and prohibition may issue from the Supreme and circuit courts, and courts of common pleas of this State; but such writs shall issue from the Supreme Court only when necessary for the exercise of its functions." 2 R. S. 1876, p. 295, sec. 738. Upon this statute the question arises: Is the writ of mandate prayed for in this case necessary for the exercise of the functions and powers of this court? Whether the petitioner be allowed or denied the right to practise as an attorney and counsellor at law in the Boone Circuit Court, or in the Twentieth Judicial Circuit, of this State, is not a matter that can in any way possibly affect the exercise of the functions and powers of the Supreme Court. In the case of *The State, ex rel. Powell*, v. *Biddle*, 36 Ind. 138, a writ of mandate was asked of this court to direct the judge of a circuit court to proceed with a case pending in the court over which he presided, and denied for the want of power to grant it. It was held that the writ was not necessary for the exercise of the functions and powers of this court, and there-

fore could not be allowed. This case appears to us to be much stronger than the one before us now.

The prayer of the petitioner must be denied. Judgment for costs.

NOTE.—This proceeding grew out of the case of *Ex Parte Walls, ante* p. 461.