FORT WORTH DRIVING CLUB v. FORT WORTH FAIR ASSOCIATION ET AL.

Decided May 22, 1909.

**1.—Injunction—Appeal—Effect.**

It is only when the preliminary order of injunction is mandatory, that is, requires affirmative action or the performance of specified things, that an appeal with supersedeas suspends the order. When the order is prohibitive merely, the appeal leaves it operative; the reason of the rule being the same in both cases, namely, to preserve the status quo of the parties and subject matter pending the appeal.

**2.—Same—Statute.**

An appeal with supersedeas from a preliminary order enjoining the sale of intoxicating liquors upon certain premises, would not suspend the operation of the injunction pending the appeal. Article 1406, Rev. Stats., has reference to final judgments and not to such preliminary orders as are authorized by the Act of April 16, 1907, concerning appeals from orders granting injunctions.

**3.—Same—Contempt Proceeding.**

When a lessee agreed and stipulated in the contract of lease that intoxicating liquors should not be sold upon the leased premises, in a contempt proceeding for violating an injunction forbidding the sale of such liquors on said premises, he will be held responsible for the acts of his subtenant in violating said contract.

Original motion for attachment for contempt.

*O. T. Moreland,* for complainant.

*Bryan & Spoonts, Smith, Turner, Bradley & Powell,* for respondents.

CONNER, CHIEF JUSTICE.—This is an original proceeding before us, instituted on the part of the relator, the Fort Worth Driving Club, incorporated, to enforce by way of contempt process an order pending before us on appeal, of the Honorable J. W. Swayne of the Seventeenth Judicial District, enjoining the respondent, the Fort Worth Fair Association, also incorporated, and its officers from the sale of intoxicating liquors on the premises described in the application and held by the Fair Association under lease from the Driving Club. The Fair Association and its president, T. W. Mullally, were duly cited to appear before us to show cause, if any they had, why they should not be fined as for contempt in disobeying said order as prayed for. At the time required all parties appeared and submitted the questions involved for our determination.

The facts are practically undisputed. It appears that David Evans, the owner, in 1905 leased the premises under consideration, consisting of about thirty acres of land near the city of Fort Worth, to the relator, the Fort Worth Driving Club, for a driving park, fair grounds, race track, etc., for a period of fifteen years, and that such leasehold interest is a valuable one. The lease contained an express stipulation to the effect that during its existence no intoxicating liquors of any kind should be sold on the leased premises by the lessee or other person, and that in event of the violation of this provision the lessor should have the right to re-enter and take possession to the exclusion of the lessee. Afterwards, with the consent of the lessor, the premises were sublet by relator to the respondent, the Fort Worth Fair Association, for a period of five years in consideration of the sum of thirteen hundred and fifty dollars. This lease by its terms has not yet expired, and the Fair Association is conducting upon the premises a race meeting, for which purpose for a stated period each year the lease was made. In April, 1909, the relator filed before a district judge a petition setting up the above facts, alleging that the restriction in its lease was being violated by the Fair Association, and prayer was made for an injunction to restrain the alleged sale of intoxicating liquors upon the leased premises. The judge set the cause down for a hearing, to which respondent was cited, and upon such hearing, after a consideration of the respondent's answer and the evidence submitted by the respective parties, the Honorable J. W. Swayne issued his order granting the injunction prayed for upon the relator's filing bond in the sum of two thousand dollars, which was soon thereafter done. Very soon thereafter, and before the writ of injunction was actually served upon the respondent, it gave notice of appeal from said order and filed an approved supersedeas bond in the sum of one thousand dollars, as fixed by Judge Swayne. In the application before us it is alleged, and it seems substantially undisputed, that intoxicating liquors are being sold upon the premises in controversy.

Respondents deny that they have sold intoxicating liquors as charged, but answer that if any such intoxicating liquors have been sold upon the ground it has been by one W. M. Robinson, with whom respondent "had entered into a lease and agreement," "leasing him a certain portion of the said grounds described in plaintiff's original petition filed in the District Court, and that according to the terms of

said agreement and lease the said Robinson, who was not a party to the proceedings herein, had the right to sell intoxicating liquors thereon; and your respondents aver that said Robinson has in all things complied with his portion of said contract and lease and contends for the right to sell intoxicants under his contract; that if, since the granting of this order (the order for injunction), intoxicants have been sold on said grounds, which is not admitted, that he, the said Robinson, has done so on his own responsibility under his lease and contract, and that your respondents have neither permitted the sale of such intoxicants further, nor have they sold intoxicants on said grounds." Further answer is to the effect that the special provision of the lease contract made between the owner and relator has been waived, which answer in this respect was also made before Judge Swayne. The answer further sets up in defense the fact that it had duly appealed from the order of injunction and filed supersedeas bond, and that respondent had been advised by its attorneys that such appeal and bond suspended the order of injunction which thereafter, until further disposition, offered no impediment to the alleged sale of intoxicating liquors.

No question is made of our right to proceed. That is, it is in effect admitted that the appeal, which is under the Act approved April 16, 1907, authorizing appeals from orders either granting or dissolving temporary injunctions (see General Laws 1907, page 206), confers upon this court jurisdiction to determine the matters involved in the present proceeding, and we need not therefore discuss nor cite authorities in support of our power. The principal contention before us in behalf of respondents is that the order for injunction was suspended by the appeal with supersedeas bond by force of the terms of article 1406, Revised Statutes, which is as follows: "Upon the filing of the bonds mentioned in the two preceding articles, the appeal or writ of error shall be held to be perfected and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a *supersedeas*."

In Williams v. Pouns, 48 Texas, 141, it was decided by our Supreme Court that an injunction in full force prior to a final judgment of dissolution was not suspended by an appeal from the judgment of dissolution, notwithstanding the supersedeas bond. This decision, which was written by the lamented Associate Justice Moore, was followed and expressly approved in an opinion by Associate Justice Gaines, now Chief Justice, in the case of the Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Texas, 98, but we have found no decision of our own courts that has direct application where the appeal, as here, is from the original order of injunction.

Prior to the Act approved April 16, 1907, such orders were classed as interlocutory orders from which no appeal was allowed, and hence, unless sooner dissolved upon motion *in limine,* remained in force until final judgment of dissolution, the appeal having effect merely to suspend the judgment from which the appeal was taken. The decisions referred to, therefore, are not in necessary conflict with the statute quoted, the statute evidently having direct reference to final judgments only and not to preliminary orders. The decisions in other States are

not entirely harmonious, but without now stopping to review them, we think it can be stated generally that the great weight of authority supports the proposition that it is only where the preliminary order is mandatory, that is, requires affirmative action—performance of specified things—that an appeal with supersedeas suspends the order.   In cases, however, where, as here, the order is prohibitive merely, the appeal leaves it operative, the principle of the rule being the same in both cases, viz., to preserve the *status quo* of the parties and subject matter during the appeal, leaving them as nearly as possible in the condition the court finds them at the time the appeal is perfected, thus preventing affirmative action either in accord with or violative of the terms of the order.   See Central Union Telephone Co. v. Ex rel. Board of Commissioners, 10 N. E. (Ind.), 922; Lindsay v. District Court, 39 N. W. (Ia.), 817; Hovey v. McDonald, 109 U. S.,——, 27 Law ed., 888; State ex rel. Gibson v. Superior Court, 1 L. R. A., New Series (Wash.), 554.

In the case from the United States Supreme Court it is said, *inter alia,* that an appeal from a mere prohibitive order "is not governed by the ordinary rules that relate to a supersedeas of execution, but by those principles and rules which relate to chancery proceedings exclusively.   It depends upon the effect which, according to the principles and usages of a court of equity, an appeal has upon the proceedings and decree of the court appealed from, and the doctrines which apply to a supersedeas can only be brought in by the way of analogy."   The court further expressly approved the decision of the United States Supreme Court in the Slaughter House Cases (10 Wall., 273), to the effect that neither a decree for an injunction nor a decree dissolving an injunction was suspended in its effect by a writ of error, though all the requisites of a supersedeas were complied with.   The law as thus stated by the Supreme Court of the United States ignores the distinction before adverted to between preliminary orders granting injunctions and final decrees from which appeals are taken, and the immateriality of this distinction, in the absence of a statute otherwise controlling, is made very clear by the Supreme Court of Washington in the case cited above, which is replete with reason and citation from authorities applicable to the case that we have before us which need not be repeated here.   It was said, however, that where the decree is in itself an injunction the injunction is in force, and must be obeyed unless to continue the *status quo* of the parties pending the determination of the appeal an order for its suspension is made, and that it is not necessary to issue a writ in order to bind the parties to the suit to obedience to the decree.   The statute invoked and above quoted only requires that "the execution of the judgment shall be stayed."   It does not necessitate the conclusion that the appeal deprives the decree for injunction of all vital force, and a contrary construction would seem necessary in many instances to enable a court of equity to prevent irreparable injury, for manifestly a supersedeas bond under our statute (Revised Statutes, article 1404) can afford no adequate or certain relief in such cases.   For instance, let it be supposed that an injunction has been granted to stay the destruction of ornamental trees or other property of small or no actual value but of large sentimental

value, or to stay the operation of a business or work threatening immediate danger to life and health. To hold in any such case that the offending person may until final judgment continue his harmful conduct by a mere appeal with supersedeas bond is to deny the power of the courts to afford any relief worth the asking. We therefore agree with the authorities cited, and conclude that the statute quoted is inapplicable and does not preclude our further conclusion that the appeal herein did not suspend the order for injunction, which for operative effect was not dependent upon the issuance of a writ.

Before dismissing this branch of the subject, however, it is perhaps due the able counsel representing respondents herein to say that we have considered the case of the Waters Pierce Oil Co. v. State, 106 S. W., 326, so earnestly pressed upon us by them, but think that case distinguishable from the one before us, among other things, in that the order appointing a receiver there held suspended by force of supersedeas bond in accord with article 1404, is in nature mandatory—requiring affirmative action—and hence, if considered on a parity with injunctions, such as falls without the principle upon which our conclusion is based. Moreover, the order of appointment itself provided that no action by the receiver should be taken thereunder pending the appeal, although a previous order enjoining the company from removing its effects from the State was continued in force.

We need add but little. It is not alleged nor shown that relator is a party to the agreement by virtue of which Robinson claims the right to sell intoxicating liquors. Therefore that he, and not respondent, is selling such liquors, constitutes no defense available here. As to relator, the Driving Club, Robinson is at most a mere subtenant or trespasser, for whose occupancy and conduct respondent must be held responsible. See Revised Statutes, article 3250; Gartrell v. State, 61 S. W., 487; Brown v. Pope, 27 Texas Civ. App., 225; Markowitz v. Greenwall Theatrical Co., 75 S. W., 75; Waggoner v. Snody, 36 Texas Civ. App., 514. Nor in this proceeding are we called upon to consider the merits of the controversy or whether the injunction was properly or improperly granted. It is sufficient that the injunction was granted and that it is being violated under the authorization of respondent.

We therefore finally conclude that respondent is guilty of contempt as charged, and that it should be punished therefor. In view of the fact, however, that respondent appears to have been acting in good faith and in accordance with the advise of counsel of good repute, we think a fine of twenty-five dollars against respondent will answer the purposes of the law. It is accordingly ordered that the respondent, the Fort Worth Fair Association, be fined as for contempt in the sum of twenty-five dollars and be taxed for all costs of this proceeding, for which execution may issue, but that all other respondents named be discharged.