## McCLESKEY et al. v. McCLESKEY.
### (No. 11557.)

(Court of Civil Appeals of Texas. Fort Worth.
Oct. 31, 1925.)

**1. Appeal and error ⟨⟩==456—Temporary injunction, pending appeal, continued until hearing of appeal.**

Where plaintiff obtained decree in suit to set aside partition deed, and defendants, having appealed, obtained temporary injunction, restraining plaintiff from interfering with defendants' use of property, conditioned on supersedeas bond provided by Vernon's Sayles' Ann. Civ. St. 1914, arts. 2101, 2102, which, under articles 2103, 2104, had effect of staying execution of judgment, on order to show cause why writ should not be continued until final hearing of appeal it was *held* that injunction should be so continued.

**2. Appeal and error ⟨⟩==437—Partition deed set aside below effective until final hearing of appeal.**

Though plaintiff obtained decree in suit to set aside partition deed, she remained bound by terms of deed until, on final hearing of defendants' appeal, it should be declared void.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by Mrs. E. A. McCleskey against Sam McCleskey and others. From a decree for plaintiff, defendants appeal. On defendants' motion to show cause why a temporary injunction should not be continued until final decision of the appeal. Injunction continued.

Fitzgerald & Hatchitt and Edgar Scurry, all of Wichita Falls, for appellants.

Bullington, Boone & Humphrey, of Wichita Falls, for appellee.

DUNKLIN, J. Mrs. Margaret McCleskey, surviving wife of E. A. McCleskey, deceased, instituted this suit to set aside a deed executed by her and the defendants, who were the children of E. A. McCleskey by a former marriage, of partition of the property belonging to E. A. McCleskey during his life, and which, according to recitals in the deed of partition, was his separate property. By the terms of that deed, lots 15 and 16, in block S, town of Iowa Park, Wichita county, Tex., one Overland coupé, one cow, and all chickens, all household furniture, goods, utensils, and $2,000 in cash paid by the defendants, was set apart to the appellee, Mrs. Margaret McCleskey. All other property owned by E. A. McCleskey, or in which he claimed any interest at the time of his death, was set apart to the defendants, and plaintiff relinquished all of her right in the same to them.

It was alleged by plaintiff in her petition that a large portion of the property in controversy was in fact community property between herself and her deceased husband. The partition deed was attacked as null and void, on the ground that plaintiff was mentally incapacitated to bind herself thereby, and, upon a trial of the case, that allegation was sustained, and, by reason thereof, the partition deed was canceled and annulled.

From that judgment, the defendants prosecuted an appeal to this court and filed a transcript and statement of facts, but the case has not yet been submitted, and the merits of the appeal will not be determined for some months hence, as the case will not be reached sooner on the docket of this court, by reason of other cases which have been filed prior to the filing of that appeal.

On August 4, 1925, appellants, who were defendants in the court below, filed their application to the judges of this court for a writ of injunction to restrain Mrs. McCleskey, appellee, and her agents and attorneys from interfering with appellants in the use, occupancy, control, and management of the property that had been apportioned to them in the deed of partition until the merits of their appeal shall be finally determined by this court. In that connection, it was further alleged that the appellee is demanding of the tenants now renting said property a part of the rentals therefrom, and is asserting the same interest in claims owing to the estate of her deceased husband, and is thereby causing said tenants and debtors to refuse to meet their obligations, contracts, and covenants made by them with appellants relative to the property so apportioned to appellants in said deed of partition.

It was further alleged that the appellee is threatening to go upon said property and forcibly take charge of the same, and that she will do so unless restrained therefrom by order of this court. It was further alleged that more than 1,000 acres of land was set apart to appellants by said partition deed, all of which have been leased to tenants, who are refusing to pay the rentals therefor by reason of the claim asserted by appellee to them that she is entitled to receive and collect a portion of said rentals.

The transcript of the trial of the case on its merits shows that appellants filed an appeal bond in the sum of $500, which sum was double the amount fixed by the clerk as the probable amount of the court costs in this court and in the Supreme Court. The application for injunction referred to above was heard by Hon. T. H. Conner, Chief Justice, of this court, during vacation, and upon said hearing he granted a temporary writ of injunction as prayed for by appellants, conditioned upon the filing by them of a bond payable to the appellee in the principal sum of $2,500, in terms of a supersedeas bond in such cases made and provided by articles 2101, 2102, V. S. Tex. Civ. Statutes, for an

⟨⟩==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appeal from a judgment for the recovery of land or other property.

The bond so required has been approved by the clerk of the district court of Wichita county and by the clerk of this court, and has been filed with the records in this cause. The order made by Chief Justice Conner further provides that the application for injunction would be heard and considered on the first Monday in October, which was the first day of the present term of this court, and the clerk was ordered to issue notice to the appellee to appear on that day and show cause why the temporary writ of injunction then granted should not be perpetuated until the final hearing of the appeal upon its merits; and on the day so set the application for injunction was then submitted on briefs filed by all parties.

[1, 2] It cannot be doubted that under the provisions of articles 2103, 2104, Vernon's Sayles' Civil Statutes, the supersedeas bond so fixed by appellants in this court had the legal effect to stay the execution of the judgment rendered. That judgment merely canceled the deed of partition executed by all of the parties and left their rights in the property to be determined according to the statutes with respect to descent and distribution of estates of decedents. However, the appellee is bound by the deed of partition until the same is finally decreed to be null and void, and that issue will not be determined at the present time, but will be reached for determination upon a consideration of the merits of the appeal that has been prosecuted, as noted above.

According to the terms of the partition deed, the appellants have the right of title and possession of all the property owned by E. A. McCleskey at the time of his death, or in which he then owned any interest, except lots 15 and 16, in block S, town of Iowa Park one Overland coupé, one cow, and all chickens, all household furniture, goods, utensils, and $2,000 in cash, paid to her by appellants, as noted already, and, by virtue of the terms of the supersedeas bond, they have the exclusive right to use, control, and manage all of said property, and to collect the rents and revenues therefrom until said appeal is finally determined. In other words, the judgment rendered by the trial court canceling the deed of partition and denying the rights of appellants in the property apportioned to them, as stipulated in the partition deed, is held in abeyance until the appeal is finally decided.

Accordingly, it is ordered that the temporary writ of injunction heretofore granted by Chief Justice Conner shall continue in full force and effect until the final decision of the appeal.

BUCK, J., not sitting.