See, also, 27 S.W.(2d) 795; 29 S.W.(2d) 1031.

Simpson, Collins & Moore, of Fort Worth, for relator.

Wm. R. Watkins and Frank Ogilvie, both of Fort Worth, and Julian Mastin, of Dallas, for respondent.

**BUCK, J.**

On a prior date the relator, S. F. Houtchens, applied to this court for a writ of mandamus to James E. Mercer, judge of the Sixty-Seventh judicial district court of Tarrant county, to require said judge to allow the relator to file a supersedeas bond in a judgment in said court disbarring said Houtchens from practicing law. Subsequently, on, to wit, April 14, 1930, relator was granted leave to withdraw said application so that he could file the same in the Supreme Court of Texas. On a later date, the Supreme Court dismissed the application on the ground that the Court of Civil Appeals has concurrent jurisdiction with the Supreme Court, and that relator could obtain relief by applying first to the Court of Civil Appeals. 27 S.W.(2d) 795. Hence the Supreme Court declined to take jurisdiction.

Then the relator asked leave of this court to file said application again in this court, and said leave was granted.

## HOUTCHENS v. MERCER, District Judge.

### No. 12416.

Court of Civil Appeals of Texas. Fort Worth.

May 31, 1930.

Rehearing Denied June 6, 1930.

In the trial of the disbarment proceedings in the court below, relator was found guilty of some forty-six charges of malpractice, in a trial by jury, and the court entered an order and judgment on the findings of the jury, by which it found that such acts of the relator constituted fraudulent and dishonorable conduct and malpractice such as to warrant the court in revoking the license of the relator to practice law in the state of Texas. Said license to practice law was therefore revoked.

### Opinion.

Relator alleges that he has heretofore made application to the judge of the Sixty-Seventh judicial district court of Tarrant county to fix the amount of a supersedeas bond and to allow him to enter into such supersedeas bond while the case is on appeal, which application has been refused by said judge. Respondent urges that relator has no such right for the following reasons:

"1. The general statutes relating to supersedeas bonds are not applicable to an order revoking an attorney's license to practice law.

"2. Aside from the statute, if the effect of an order of disbarment could be suspended during the pendency of an appeal, such would be within the discretion of the trial court, and not subject to a review in mandamus proceedings.

"3. In this proceeding all presumptions must be resolved in favor of the judgment of disbarment and where, as here, the relator was found guilty of numerous acts of barratry, numerous acts of subornation of perjury, of perjury, of jury tampering, of filing a lawsuit without authority, and of filing pleadings containing flagrant allegations, which acts extend over a considerable period of time, the public interest and the preservation of the purity of courts of justice, and the maintenance of the high standard of ethics of the legal profession required in the public interest, that such an order remain in full force and effect until the relator may show, if he can, that in the proceeding leading up to his disbarment he has been so far deprived of his rights as that the order of the court disbarring him amounts to an act of judicial oppression."

The question of the right of an attorney to continue to practice after an order of disbarment has been entered, pending appeal, by giving a supersedeas bond, has not been passed upon by the Texas courts, so far as we have been able to determine. The rule seems to be uniform in other jurisdictions, however, where the question has been presented, that a supersedeas bond may not be given by one convicted of malpractice and disbarred. In 6 Corpus Juris, 611, 612, it is said:

"Since a judgment suspending an attorney from practice executes itself, except as to the collection of costs, its operation is not affected by an appeal or writ of error, except as to costs."

In support of this statement, the following cases are cited: Walls v. Palmer, 64 Ind. 493; McMath v. Manns Bros. Boot & Shoe Co. (Ky.) 15 S. W. 879; Bird v. Gilbert, 40 Kan. 469, 19 P. 924; Tyler v. Presley, 72 Cal. 290, 13 P. 856.

In Walls v. Palmer, supra, the Supreme Court of Indiana used the following language:

"Petition by William B. Walls for a writ of mandate against Truman H. Palmer. * *' * By the common law, and in the common-law courts, the power rested exclusively with the courts to determine who should practice therein as attorneys and counsellors at law; but it was a power to be regulated by a sound legal discretion in guarding the rights and privileges of the bar, as well as the dignity and authority of the court. Ex parte Secombe, 19 How. 9. In the State of Indiana this common-law power of the courts is regulated by statute. * * * At common law an appeal would not lie from a judgment suspending or disbarring an attorney, but such an appeal in this State is granted by statute." Citing statutes of Indiana. "When an attorney has been improperly suspended, or disbarred by a judgment which is a nullity, the writ of mandate is a proper remedy to restore him to his rights; but when he has been properly suspended or disbarred, the writ will not lie. The authorities, we believe, uniformly support the above propositions." Citing a number of cases. "The petition in this case does not show that the judgment suspending the petitioner from the practice of his profession is improper; upon that ground, therefore, it is insufficient. But it is urged that the appeal and supersedeas, as set forth in the petition, by staying the judgment of suspension, has the effect of restoring the petitioner to his rights as an attorney and counsellor during the pendency of the appeal. There is no direct averment in the petition that the appeal and supersedeas, * * * or either of them, would have the effect contended for by the petitioner. To give them that effect, and grant the prayer of the petitioner, would be to reverse the judgment of the suspension by a writ of mandate before the appeal is judicially decided. The effect of the appeal and supersedeas is to stay the judgment of suspension as it is, and prevent further proceedings against the petitioner. It does not reverse, suspend or supersede the force of the judgment. That remains in all respects the same. The judgment itself requires no further execution than its own terms; it executes itself, except as to the collection of costs, which is stayed by the appeal and supersedeas. The only effect of an appeal to a court of error, when per-

fected and while pending, is to stay execution upon the judgment from which it is taken." Citing authorities.

"An appeal from a judgment will not authorize or allow the party appealing to do any act which, by the judgment, he is forbidden to do." Citing authorities.

The prayer of the petitioner was denied.

In McMath v. Manns Bros. Boot & Shoe Co., supra, the Court of Appeals of Kentucky, the court of final jurisdiction in that state said:

"The judgment of the court was not superseded by an appeal, and that judgment is in full force, and we must hold it valid, because it must be presumed, as the judgment is in force, that there is nothing in the defense, and for the additional reason that an ample opportunity was given the appellant to pay the debt after judgment."

In the case of Bird v. Gilbert, Judge, by the Supreme Court of Kansas, 40 Kan. 469, 19 P. 924, 925, it appears that an attorney was charged to be guilty of contempt and was sentenced to pay a fine of $50, and to be confined in the county jail for five days, and until the fine and costs were paid. The court further announced, as a part of the penalty, that it would refuse to recognize him as an attorney of the court or permit him to practice therein until he was purged of contempt, or while the judgment remained unsatisfied and unreversed. Since that time the court has denied him the right or privilege of appearing in that court, or of presenting any matter for its consideration. An appeal was taken to the Supreme Court from the judgment of the district court in the matter of the contempt. After the appeal, an application was made to one of the Justices of the Supreme Court, under which an order was granted staying all proceedings had or commenced in the case appealed until the appeal should be finally decided in the Supreme Court. As stated in the opinion:

"This order suspends the judgment of the district court and stays its further enforcement, and all further proceedings in that court."

The court said:

"This court will, and should be, exceedingly careful in granting a stay of proceedings in cases where parties are adjudged in contempt of the district court; but in this case one of the justices was and is inclined to the opinion that there was no contempt, and hence the order was granted. The correctness of the judgment rendered is yet to be determined upon the appeal; but in view of the fact that a suspension and stay has been granted until the appeal is finally determined, the plaintiff is now entitled to the recognition and privileges which he claims, and therefore the judgment must go in his favor."

In this case the Supreme Court of Kansas recognizes the authority of one of its Justices to stay the proceedings, pending appeal, but also seems to hold that where the proceedings in a trial for contempt are regular and seem to sustain the judgment, the Supreme Court will be loath to grant a stay of proceedings.

In Tyler v. Presley, 72 Cal. 290, 13 P. 856, 857, by the Supreme Court of California, Tyler was, by an order of the court, suspended from practicing law in the courts of California for two years, and until the payment of a certain sum of money. 71 Cal. 353, 12 P. 289, 13 P. 169. On application to the Chief Justice of the Supreme Court, a writ of error to the Supreme Court of the United States was allowed, citation issued and served, and bond filed. It was argued on behalf of relator that a writ of error supersedes the order of suspension and that Tyler could still practice law until the cause was determined on error or dismissed by the court in error; and this, by virtue of the act of Congress. The court said:

"There are cases where a writ of error operates as a supersedeas, and cases where it does not. This is plain from sections 1000–1007 of the Revised Statutes of the United States. See latter clauses of sections cited. *What is a supersedeas?* It is a writ issued to a ministerial officer, commanding him to supersede or desist from proceeding under another writ previously or subsequently issued to him. * * * No writ of *supersedeas* need be issued under the act of congress, for the writ of error operates as such. The service of a copy of the writ of error on the clerk would be sufficient to restrain him from issuing a writ of execution * * * or, perhaps, the court might order a writ of supersedeas in form to be issued."

The writ was denied and application dismissed.

In Lincoln v. Superior Court of Los Angeles County et al., 95 Cal. App. 35, 271 P. 1107, the Supreme Court of California held that a judgment suspending an attorney from practicing for a stated period is self-executing, and an appeal therefrom does not have the effect of suspending or superseding such judgment. In this last-cited case the court refers to the holding in Tyler v. Presley, 72 Cal. 290, 13 P. 856, supra, and explains the holding in the last-cited case on the ground that the Chief Justice had allowed a writ of error to the Supreme Court of the United States and citation had been issued and served and bond filed, and hence the order of suspension was superseded.

In Re Graves, 62 Cal. App. 168, 216 P. 386, 387, the court says:

"This is an application for a supersedeas. By a judgment of the superior court for Los

Angeles county, made January 22, 1923, petitioner was suspended from the practice of law for one year. From that judgment he has taken an appeal to this court, and now asks for a supersedeas to stay the judgment of suspension pending his appeal.

"This is not a case for the issuance of supersedeas. The judgment of suspension acts directly against the petitioner, without the necessity for process or proceedings of any kind for its enforcement. Tyler v. Presley, 72 Cal. 290, 13 P. 856. It is true that the power to issue the writ of supersedeas is inherent in an appellate court, but it will only be issued to restrain proceedings upon the judgment from which the appeal has been taken. Its effect is merely to stay proceedings for the enforcement of the judgment. It does not reverse, suspend, supersede, or impair the force of the judgment itself. That remains in all respects the same. The general rule, therefore, is that supersedeas will not issue where the judgment does not command or permit any act to be done, or where it is not of a nature to be actively and affirmatively enforced by execution or otherwise. * * * Here the judgment of suspension is self-executing. There is no further action to be taken thereon by the court below, and consequently nothing upon which the supersedeas can act."

In State ex rel. Martin v. Poindexter, 43 Wash. 147, 86 P. 176, by the Supreme Court of Washington, it is said:

"This is an application for a writ requiring the trial court to fix a bond to supersede a judgment of disbarment pending an appeal to this court. * * * This court has uniformly held that, where a judgment is self-executing an appeal therefrom does not have the effect to vacate the judgment or to reinstate one removed from office, and such judgment cannot be superseded as a matter of right.

"This trial judge will not be required by mandamus to fix a bond or enter an order suspending the judgment."

Relator relies on article 2270, Revised Civil Statutes 1925, which provides that, "Appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond," and article 2275, which provides: "Upon the filing of a proper supersedeas bond, the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."

■ As held in all the cases cited above, and more might be cited, an order suspending or revoking the license of an attorney to practice law is self-executing, and requires no process or other ministerial act on the part of anyone to render it effective. No

execution or other process is issued on such an order. Where he is disbarred, he is in practically the same position as though he had never been licensed.

In Ford v. State (Tex. Civ. App.) 209 S. W. 490, 492, the court said:

"We hold that an appeal from a judgment of any character, upon a supersedeas bond, does not suspend the judgment, but only stays its execution pending the appeal." Citing authorities. "The judgment itself remains in full force until it is reversed. If it be affirmed, the appellate court does not enter a new judgment in the case, nor revive the judgment of the trial court, but only removes the impediment to its execution. In this connection, we call attention to the fact that a supersedeas bond, as defined by our statute, does not purport to suspend the judgment from which the appeal is taken, but only to suspend 'the execution of the judgment.'" Citing the statutes.

In Fort Worth Driving Club v. Fort Worth Fair Association, 56 Tex. Civ. App. 162, 121 S. W. 213, 215, an injunction prohibiting the sale of intoxicating liquor on certain leased premises had been entered, appealed from, and a bond in the form of a supersedeas bond given, after which the defendants, who had been enjoined, proceeded to violate the terms of the injunction. The defendant who had appealed was cited before this court for contempt, and fined. This court held that the filing of the supersedeas bond did not suspend the order appealed from, saying, in part:

"The principal contention before us in behalf of respondents is that the order for injunction was suspended by the appeal with supersedeas bond by force of the terms of article 1406, Rev. St. * * * Cases, however, where, as here, the order is prohibitive merely, the appeal leaves it operative, the principle of the rule being the same in both cases, viz., to preserve the status quo of the parties and subject-matter during the appeal, leaving them as nearly as possible in the condition the court finds them at the time the appeal is perfected, thus preventing affirmative action either in accord with or violative of the terms of the order." Citing cases.

In McCleskey v. McCleskey, 277 S. W. 1115, by this court, on final hearing a partition deed was annulled. On appeal, without supersedeas having been taken, an attempt was made by the appellee to forcibly take possession of the property involved, pending the appeal. This court granted an injunction on filing of a bond in the terms of a supersedeas bond. The necessary effect of the holding was that the court had the authority to preserve the status quo of the subject-matter pending the appeal.

■ Any apparent confusion existing in the decisions may be harmonized when are con-

sidered the facts involved in the several cases, and the obvious necessity for granting relief in each individual instance. The statute clearly has reference to suspending the enforcement of judgments by preventing the execution of process by ministerial officers of the court, or by compelling affirmative action. Wherever the courts have gone further, the holding is attributable to the fact that courts have the inherent power to preserve the status quo of the subject-matter of litigation pending an appeal.

From a casual examination of the record, including the transcript and the statement of facts of the court below, we are not able to say that error was committed, and hence, under the holdings of the several authorities quoted from in this opinion on this question, we cannot presume that error is shown in the judgment of disbarment. The disbarment of an attorney is justifiable, not merely as a punishment of the offending attorney, but as a protection of possible litigants and their property.

We conclude that the application for writ of mandamus should be denied.