Méndez & Co., Petitioner, *v.* District Court of San Juan, Respondent.

No. 1225.  Argued December 23, 1940.—Decided January 15, 1941.

*Dubón & Ochoteco,* and *Otero Suro & Otero Suro* for petitioner. *Víctor M. Rivera Colón* for intervener, defendant in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

On January 12, 1940, the Municipal Court of San Juan, Third Section, rendered judgment in favor of the plaintiff in an action of unlawful detainer brought by Fructuoso Vázquez against Vicente L. Jiménez. Jiménez appealed to the District Court of San Juan and on the 18th of the following April his appeal was dismissed for his failure to perfect the same by furnishing a proper bond. After the judgment of the municipal court had become final *(firme),* Vázquez was substituted by the petitioner herein, Méndez & Co. The defendant Jiménez then instituted a certiorari proceeding in the District Court of San Juan to annul the judgment of eviction and Judge La Costa, of that court, issued the writ, which he subsequently discharged upon hearing the parties. Jiménez took an appeal to this court from the order of the district court discharging the writ of certiorari. While that appeal was still pending, the marshal of the Municipal Court of San Juan executed the judgment by evicting Jiménez from the property the object of the action of unlawful detainer. Jiménez filed two motions in the district court: In the first, he prayed that the marshal of the Municipal Court of San Juan should be punished as for contempt of court for having executed the judgment notwithstanding the pendency of the appeal taken from the order whereby the writ of certiorari was discharged; in the second, he prayed that it should be ordered by the district court that the defendant in the dispossess proceeding be restored to the possession of the realty on the same ground of the pendency of the said appeal. The District Court of San Juan, through its Judge, Hon. Marcelino Romany, denied the first of these two motions, that is,

the one in which it was prayed that the marshal be punished for contempt and sustained the second by rendering on the 25th of last November an order which in its pertinent part reads thus:

"For the reasons stated in its opinion attached to the record of this case, the court orders. . . . It sustains the motion filed by the petitioner Vicente L. Jiménez and orders the marshal of the Municipal Court of San Juan, Third Section, and the intervener Méndez & Co., with a warning of punishment as for contempt of court, to refrain from intervening, interrupting, or preventing the possession by the petitioner Vicente L. Jiménez of the house the object of the main action of unlawful detainer, until the Supreme Court shall have determined the appeal taken by the former from the judgment rendered by this court on July 3, 1940, discharging the writ of certiorari issued in this case."

The present certiorari proceeding has been instituted to review the above-transcribed order.

The question to be decided in this case is whether an appeal taken from an order of a district court discharging a writ of certiorari, issued by said court to review proceedings had in an action of unlawful detainer brought in a municipal court, stays the execution of the judgment rendered in that action.

The lower court based the order complained of principally in the case of *Todd* v. *Municipal Assembly*, 40 P.R.R. 803, 806, where it was said:

"According to section 295 of the Code of Civil Procedure an appeal may be taken from a final judgment in an action or special proceeding; and as certiorari is in the nature of a special proceeding, an appeal may be taken from a final judgment rendered therein. *American R. R. Co.* v. *Municipal Court*, 16 P.R.R. 227. Although this proposition is not disputed in the present case, it is well to mention it here, because it serves as a basis for the consideration of another question.

"Section 297 of the same code provides that whenever an appeal is perfected it stays all further proceedings in the court below upon the judgment or order appealed from or upon the matters embraced therein, although the court below may proceed upon any other matter

embraced in the action and not affected by the order appealed from. On the other hand, section 298, after referring to the above rule, prescribes three exceptions thereto, none of which includes an appeal from a judgment in certiorari proceedings.

"In accordance, then, with the above legal precepts the appeal in this case stayed *ex proprio vigore* the execution of the judgment appealed from (*Pescay et al.* v. *Texidor, Judge, et al.,* 26 P.R.R. 155), and, therefore, as the validity of the resolution of the municipal assembly to impeach the mayor had been challenged and as the district court had issued the writ of certiorari and had ordered a stay of the said resolution, the appeal from the judgment, which failed to set aside that resolution, had the effect of preserving the *status quo* created by the issuance of the writ of certiorari. Consequently, until the appeal was determined the resolution in question could not be carried out, as the appeal brought before us for decision the question of whether or not the said resolution was void and, pending such determination, the mayor was not subject to any further action taken by the assembly in the impeachment proceedings."

Nothing leads more to error in the interpretation of statutes than to try to apply them as if mathematical formulas were involved. Unlike mathematics, law is not an. exact science. It is a social science and therefore in construing statutory provisions it is necessary to determine beforehand what was the purpose sought by the lawmaker in enacting the statute in question. In his work "An Introduction to the Philosophy of Law," p. 100, Dean Pound points out the necessary steps to decide a controversy according to law. He says:

"Three steps are involved in the adjudication of a controversy according to law: (1) Finding the law, ascertaining which of the many rules in the legal system is to be applied, or if none is applicable, reaching a rule for the cause (which may or may not stand as a rule for subsequent cases) on the basis of given materials in some way which the legal system points out; (2) interpreting the rule so chosen or ascertained, that is, determining its meaning as it was framed and with respect to its intended scope; (3) applying to the cause in hand the rule so found and interpreted."

Let us follow the course suggested in the above-cited work. The statutory provisions applicable to the controversy herein are those of sections 297 and 298 of the Code of Civil Procedure. Said sections textually read as follows:

"Section 297.—Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from.

"Section 298.—The perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section_____, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court. And except, also, where it adjudges the defendant guilty of usurping or intruding into, or unlawfully holding a public office, civil or military, within said Island. And except, also, where the order grants, or refuses to grant, a change of the place of trial of an action."

The applicable law having been determined, let us now turn to the second stage, that is, let us interpret said provisions by taking into consideration the purpose sought by the lawmaker.

■ What was the purpose sought by the lawmaker in providing that an appeal stays the proceedings in the lower court? Simply to avoid the taking by the appellee of any proceedings in the lower court for the execution of the judgment or order rendered in his favor during the pendency of the appeal. In other words, the stay of the proceedings has no other purpose than to preserve the *status quo* prevailing at the time of the rendition of the judgment or order appealed from so that the appeal taken might not become purely academic or illusory. [3] Hence the distinction uniformly established by the adjudicated cases between judgments or order which do not require further proceedings to enforce them (self-executing) and those requirng further action for

their execution and enforcement. The former, those for the enforcement of which no further proceedings are required, do not alter the *status quo* existing at the time of their rendition and therefore it can not properly be said that they are suspended upon the taking of the appeal. The others, those which require further proceedings, are on the contrary suspended, for otherwise the appellee could proceed with the case and render illusory or academic the appeal taken. An example will render our proposition evident: In an action of debt brought by *A* against *B* the court dismisses the complaint. *A* takes an appeal. *B* does not have to do anything to enforce his judgment. The *status quo* which existed before the latter was rendered, subsists after the adjudication, since no further proceedings need be taken by *B* to enforce a judgment dismissing the complaint filed against him. On the contrary, if in the above example the court should sustain the complaint of *A* and adjudge *B* to pay the former a certain sum of money, an appeal by *B* would stay the proceedings, for otherwise *A*, during the pendency of the appeal could apply for the issuance of an order of execution and collect his judgment before the appellate court determined the appeal.

In the case of *De Garmo* v. *Shenberg*, 102 P. (2d) 522, (Cal. 1940), the court by way of illustration cited the case of *Walls* v. *Palmer*, 64 Ind. 493, 496, in which judgment was rendered suspending the petitioner from the practice of law. The petitioner appealed and urged that the appeal taken by him operated to restore to him the right to practice his profession pending the determination of the appeal. The court, however, held that to allow the appeal to have that effect would be tantamount to a reversal of the judgment of suspension before a judicial determination of the appeal had been made and added:

"The effect of the appeal and supersedeas is to stay the judgment of suspension as it is, and prevent further proceedings against the petitioner. It does not reverse, suspend, or supersede the force of the judgment. That remains in all respects the same. The judg-

ment itself requires no further execution than its own terms. It executes itself except as to the collection of costs, which is stayed by the appeal and supersedeas. The only effect of an appeal to a court of error, when perfected and while pending, is to stay execution upon the judgment from which it is taken.''

The writ of certiorari issued by Judge La Costa to review the proceedings had in the action of unlawful detainer in the municipal court, as we have seen, was subsequently discharged upon hearing the parties. The order thus rendered in the certiorari proceeding was a self-executing one—nothing need be done by Méndez & Co. to enforce it. Consequently, the appeal taken by the intervener herein from said order did not suspend the effects thereof, for the state of things which existed at the time of the discharge of the writ of certiorari was the same that prevailed at the time of the filing of the application for the issuance of the said writ. Otherwise the absurd situation pointed out in the case of *Walls* v. *Palmer, supra,* would arise, that is, it would be equivalent to a reversal of the order complained of by the mere taking of the appeal.

The district judge undoubtedly knows the principles above stated but he made a regrettable mistake in applying them to the facts in this case as is shown by the following paragraph from his opinion:

"*Roosevelt, Governor* v. *District Court,* 42 P.R.R. 800, may be distinguished. In that case the order for security of the judgment to be reviewed on certiorari was one enjoining the Governor from making certain appointments, and when such is the case, there is nothing to suspend, since the order appealed from is of a *self-executing* nature, *which does not happen in the case now before us, where in order to execute the judgment of eviction, process of the municipal court and affirmative action on the part of the marshal are necessary.*" (Italics ours.)

The district judge overlooked the fact that the appeal was not taken from the judgment in the action of unlawful detainer, but from the order discharging the writ of certiorari. Upon the rendition of that order, the *status quo* in the action of

unlawful detainer remained exactly the same as it was before the institution of the certiorari proceeding, for after the refusal of the court to set aside the judgment of eviction, the latter continued in full force and effect as if no proceedings to review the same had been taken. On the contrary, if the decision of the district court in the certiorari proceeding had been in the sense of setting aside the judgment of eviction, and Méndez & Co. had appealed from said decision, then the proceedings in the action of unlawful detainer would have indeed been stayed thus preserving the *status quo* which existed at the time the petition for certiorari was sustained and the judgment of eviction set aside.

The case of *Succession of Padró v. Lloreda,* 24 P.R.R. 715, which was confirmed in *Viñas v. Lloreda, District Judge,* 25 P.R.R. 32, perfectly illustrates the question we are now discussing. In the first of said cases the following was said:

"This is a proceeding in certiorari. The petitioning succession alleges that it filed a complaint of intervention in a certain action of debt brought by Virgilio Ramos and others against José Dolores Molina and others in the District Court of Arecibo, and at the same time prayed for an injunction to enjoin the sale of certain property of the petitioning succession which had been levied on in said action. The court entered a restraining order and after hearing the parties on the date set therefor, set aside the said order and dismissed the petition for an injunction. The petitioning succession appealed from that ruling to this court.

"At that stage the plaintiff in the action of debt moved that the execution of the judgment be proceeded with and, consequently, that the property levied on be sold. The motion was sustained. The petitioning succession alleges that it received no notice of the plaintiff's motion; that it was not given a hearing by the court thereon, and that as an appeal was pending from the order denying an injunction, the court acted without jurisdiction.

"*      *      *      *      *      *      *

"As to whether the appeal taken by the petitioning succession deprived the district court of jurisdiction to order the execution of the judgment entered in the action of debt, instead of discussing that question ourselves we will transcribe the language of Stephen J. Field, for many years a justice of the Supreme Court of the United

States and chief justice of the Supreme Court of California when he delivered the opinion of the latter court in the case of *Hicks* v. *Michael*, 15 Cal. 107. Mr. Justice Field expressed himself as follows:

‘ ‘ ‘ *      *      *      *      *      *      *

‘ ‘ ‘The restraining order expired by its own limitation. It was issued under the provisions of the one hundred and sixteenth section of the Practice Act, and was intended only as a restraint upon the defendants, until the propriety of granting the provisional remedy of a temporary injunction could be determined, after hearing the parties. The concluding words of the order do not operate to change it into an injunction pending the suit. They only refer to the whole matter on the motion, and not to the whole matter in controversy. The construction insisted upon by counsel is inconsistent with the very object of the requirement to show cause. The direction of the district judge that the restraining order be dissolved was unnecessary, and was probably inserted out of abundant caution.

‘ ‘ ‘It follows that no injunction was granted in the case, but expressly refused. The appeal then which the plaintiff has taken, or proposes to take, is only from an order refusing an injunction, and the simple question is presented, whether an appeal from an order of this character can operate to create an injunction, or to prolong a restraining order, until the ruling of the judge can be reviewed by the appellate court. It is clear that no such effect can be given to an appeal, even when the most ample bond of indemnity is tendered. Where an injunction has been refused, there is nothing operative. A stay can only be sought of that which has an existence, and by its operation is supposed to work injury to the appellant. It is therefore, from the nature of the case, only of orders or judgments which command or permit some acts to be done, that a stay of proceedings can be had (*Merced Mining Co.* v. *Fremont*, 7 Cal. 132).’ ’’

In a certiorari proceeding there are two stages: the first consists in the issuance of the writ directed to the court which must send up the record of the proceedings to be reviewed. This order does not at all prejudge the matter in controversy. Its only purpose is to procure the transmission to the superior court of the record of the case for review. Of course, while it is definitely decided whether or not the writ lies the proceedings in the lower court are stayed for otherwise the remedy might become academic or illusory. Once the judgment on certiorari has been rendered, whether

discharging or upholding the writ issued, the first decision disappears and only the second remains whereby the matter is finally adjudicated. It is a similar situation to that which arises in the case of a suit for injunction involving a restraining order, which corresponds to a writ of certiorari issued for the transmission of the record, the decision discharging or sustaining the writ of certiorari being the counterpart of the judgment granting or refusing the injunction. As in the case of a certiorari proceeding, the restraining order disappears and ceases to produce any legal effect from the moment when the decision granting or refusing the injunction is rendered. Therefore, the attorney for the intervener is not correct when he urges that upon the discharge of the writ of certiorari and the taking of the appeal from said order, there were suspended the proceedings which gave rise to the issuance of the writ in the first instance, that is, in order to procure the transmission of the record from the district court.

In the opinion forming the basis of the order under review, the judge of the lower court says:

"It is firmly established that the issuance of a writ of certiorari, in the absence of any statute to the contrary, has the legal effect of taking the record out of the custody of the inferior tribunal, leaving nothing there which might serve as a basis for the issuance of execution, and operates as a stay of execution of the order or judgment to be reviewed. 14 C.J.S. 245, sec. 108."

We concede that upon the transmission of the record from the lower court to the higher court for review, the proceedings in the former are stayed but this is not because the record is actually in the reviewing court, but because if the proceedings in the lower court were to be continued, the writ of certiorari would become academic and illusory. In the Federal courts, in California, and in the other jurisdictions where a supersedeas bond is required on appeal, if an appeal is taken and the supersedeas bond is not furnished, the judgment is executed in the lower court notwithstanding

the pendency of the appeal and the fact that the record is in the appellate court. Moreover, in Puerto Rico, in accordance with our certiorari law (section 670 of the Code of Civil Procedure, 1933 ed.) it is not necessary to send up to the reviewing court the original record of the case it being sufficient if a certified copy thereof is transmitted. Assuming that the original record has been sent up and the same is required at any time in the lower court, the writ thereof may be requested and the original substituted by a verified copy thereof.

The case of *Todd* v. *Municipal Assembly, supra,* in so far as it holds that an appeal taken from an order discharging the writ of certiorari stays the proceeding in the case giving rise to the certiorari, must be regarded as overruled.

For the reasons stated the order rendered in this case by the District Court of San Juan on November 25, 1940, must be set aside in so far as it enjoins Méndez & Co., plaintiff in the action of unlawful detainer, from continuing the proceedings in the municipal court for the execution of its judgment, and the original record must be returned to the district court for further proceedings not inconsistent with this opinion.