LORENZO F. BIRD v. W. D. GILBERT, *as Judge of the District Court of Atchison County.*

CONTEMPT—*Appeal*—*Stay of Proceedings*—*Attorney Forbidden to Practice*. Pending an appeal from an order adjudging an attorney guilty of contempt, and enjoining him from practicing in the district court until purged of contempt, where a stay of proceedings had been duly granted, the attorney is entitled to all his former privileges in court.

### Original Proceeding in Mandamus.

PETITION filed in this court on July 18, 1888; amended and supplemental petition filed in September following. The material facts appear in the opinion herein, filed at the session of the court in December, 1888.

*D. Martin*, and *H. M. Jackson*, for plaintiff.
*Frame & Bland*, for defendant.

*Per Curiam:* This is an original proceeding in mandamus, instituted for the purpose of compelling W. D. Gilbert, as judge of the district court of Atchison county, to permit Lorenzo F. Bird, an attorney at law authorized to practice within the courts of the state of Kansas, to practice his profession in the district court of Atchison county.

It appears that on July 8, 1888, a cause was on trial before that court, and that Bird, who was an attorney for one of the parties, presented an application for a change of venue, and in presenting the same his language and conduct were such as were deemed by the court to be insolent and disrespectful. He was adjudged to be guilty of contempt, and was sentenced to pay a fine of $50, and to be confined in the county jail for five days, and until the fine and costs were paid. The court further announced, as a part of the penalty, that it would refuse to recognize him as an attorney of the court, or permit him to practice therein, until he was purged of contempt, or while the judgment remained unsatisfied and unreversed. Since that time the court has denied him the right or privilege of appearing in that court, or of presenting any matter for its consideration. An appeal was taken to the supreme court from the judgment of the district court in the matter of the contempt. After the appeal, and on the 8th day of September, 1888, an application was made to one of the justices of this court, under which an order was granted, staying all proceedings had or commenced in the case appealed until the appeal should be finally decided in the supreme court. The

order staying all the proceedings in the contempt matter in the district court was granted upon a hearing at which both parties were represented and upon the giving of the usual stay-bond, which has been approved and is now on file in the case. This order suspends the judgment of the district court and stays its further enforcement and all further proceedings in that court. From the time it was granted Bird was relieved from the punishment imposed, and stands before the court as if no judgment or order had been made against him. Until the appeal is determined he is entitled to the privileges of an attorney of that court, and should be so recognized. This court will, and should be exceedingly careful in granting a stay of proceedings in cases where parties are adjudged in contempt of the district court; but in this case one of the justices was and is inclined to the opinion that there was no contempt, and hence the order was granted. The correctness of the judgment rendered is yet to be determined upon the appeal; but in view of the fact that a suspension and stay has been granted until the appeal is finally determined, the plaintiff is now entitled to the recognition and privileges which he claims, and therefore the judgment must go in his favor.