## THE STATE ex rel. FRANK W. McALLISTER, Attorney-General, v. JUDSON SANDERSON.

In Banc, December 22, 1919.

1. **OFFICER: Removal.** If an official possesses the requisite statutory qualifications, he can be removed from office only for misconduct connected with the performance of official duties, except when some transgression apart from those duties is made by statute a cause for removal.

2. ———: ———: **Prosecuting Attorney; Disbarment.** Suspension from practice of the law is not by statute made a cause for removing a prosecuting attorney from his office; but the conduct for which he was suspended may be a cause.

3. ———: ———: ———: ———: **Continuance During Appeal.** If it be admitted that a judgment of temporary disbarment remains effective during an appeal, its effect is only to disable the attorney to practice law during the period of suspension, unless the judgment is sooner reversed, and does not determine the question whether as a result of his suspension he can be ousted from office as prosecuting attorney.

4. ———: ———: ———: **License.** A temporary suspension to practice law is not equivalent to a total revocation of a license to practice. The effect of the suspension is to simply deprive him of the use of his license during the suspension period.

5. ———: ———: ———: **Suspension for Year; Statutory Construction.** A temporary suspension of an attorney from the practice of the law for one year, does not subject him to ouster from his office as prosecuting attorney. The statute does not pronounce any such penalty as a result of a judgment of a temporary suspension,

and therefore the question of whether or not such penalty must follow must be determined by construction; and in the construction the fact that the alleged loss or penalty is one of undue and disproportionate hardship must be considered, as must also the fact that the proceeding to oust him is penal in its nature, as is also the disbarment statute, and is not therefore to be extended beyond its terms.

*Quo Warranto.*

DEMURRER SUSTAINED.

*Frank W. McAllister,* Attorney-General, *S. E. Skelley* and *John T. Gose,* Assistant Attorneys-General, for relator.

*Charles W. German* of counsel.

(1) 'Is respondent entitled to practice pending determination of his appeal? There are at least three cases in this country directly determinative of this question: Walls v. Palmer, 64 Ind. 493; Tyler v. Presley, 72 Cal. 290; McMath v. Manns Bros. Boot & Shoe Co., 12 Ky. L. 952, 15 S. W. 879. The decision of the Indiana Court (Walls v. Palmer) was directly approved by this court in the case of State ex rel. v. Woodson, 128 Mo. 497. This doctrine has not only never been questioned by this court since the decision in the Woodson case, but has been repeatedly approved. Ex parte Craig, 130 Mo. 593; State ex rel. v. Hirzel, 137 Mo. 451. (2) The effect of an appeal is not to set aside, or to make inoperative the judgment appealed from, but merely to review the action of the trial court. The granting of an appeal cannot give to the appellant the right to do something which the judgment or decree forbade him to do. Burgess v. Hitt, 21 Mo. App. 313; Brown v. Curtiss, 155 Mo. App. 376. (3) The decree of suspension operated automatically to disqualify Sanderson as prosecuting attorney. Sec. 1000, R. S. 1909; Brown v. Woods, 2 Okla. 601. See also: 32 Cyc. 619; 29 Cyc. 1380; State v. Allen, 21 Ind. 516; State v. Jones, 19 Ind. 356; Prather v. Hart, 17 Neb. 598.

*R. D. Rodgers* and *McBaine, Clark & Rollins* for respondent.

(1) The right to practice law is a most valuable right, which the courts of Missouri and elsewhere fully protect. 2 Thornton on Attorneys at Law, 1165; State ex rel. v. McElhinney, 241 Mo. 592; Austin's Case, 5 Rawle, (Pa.) 191. (2) A lawyer who is disbarred or suspended by a circuit judge may appeal, and does not have to suffer his punishment until the appellate court says that it was properly inflicted. The judgment is stayed just as it is in actions at law, and the Legislature has so said. Martin on Civil Procedure at Common Law, p. 324; 2 Tidd's Practice (3 Am. Ed.), p. 1148. See also Appeal and Error, 3 Corpus Juris, p. 1292. This was the rule in both civil and criminal cases. Criminal Law, 17 Corpus Juris 107; Insurance Co. v. Hotel Co., 37 Wis. 125; Kountze v. Omaha Hotel Co., 107 U. S. 381; Meagher v. Vandyk, 2 B. & P. 370, 125 Eng. Rep. 1333. By statute in Missouri the judgment is stayed. Secs. 962, 2042, R. S. 1909; State ex rel. Larew v. Sale, 188 Mo. 493; Ex parte Smith, 193 S. W. 288; State ex rel. v. Bird, 253 Mo. 569: State ex rel. v. Herzel, 137 Mo. 435; State ex rel. v. Kline, 137 Mo. 673; Cuendet v. Henderson, 166 Mo. 657.

GOODE, J.—This is an original proceeding in *quo warranto*, instituted by the Attorney-General for the purpose of removing the respondent from the office of Prosecuting Attorney of Callaway County. The case stands for decision upon a demurrer to the information, which need not be set out in full. The reason assigned for the demurrer is that the information states no cause of action, a proposition rested upon a single fact, which will appear presently. According to the information respondent was elected Prosecuting Attorney of Callaway County in 1918, and qualified and entered upon the discharge of the duties of the office January 1, 1919. On March twenty-eighth of that year, he was suspended

from the practice of law in Callaway and the other counties of the State for twelve months from that date, by a judgment of the Circuit Court of Audrain County, whither a proceeding to disbar him had been sent by a change of venue from Callaway County. On the same day (March 28, 1919) respondent was granted an appeal from the judgment to this court and gave a duly approved appeal bond in the sum of five hundred dollars; but the Audrain Court made no order to suspend its judgment or stay the execution of it. In view of those and other formal facts, the Attorney-General informs this court that respondent had unlawfully usurped, held and exercised said office since March 28, 1919, and still usurped it at the date the information was filed. Respondent's position is that as he was granted an appeal and his bond approved, the judgment of the trial court was superseded pending the appeal and he has the right to practice law, at least so far as performing the duties of his office constitute practicing, until the appeal is determined. The judgment against respondent was rendered prior to the Act of 1919, changing in some matters the statute relating to the suspension and removal from practice of attorneys; but those modifications in no way affect the decision of this case. [Laws 1919, p. 151.]

The statute regarding the qualifications a prosecuting attorney must possess is this one: ·

"At the general election to be held in this State in the year A. D. 1880, and every two years thereafter, there shall be elected, in each county of this State, a prosecuting attorney, who shall be a person learned in the law, duly licensed to practice as an attorney at law in this State and enrolled as such, at least twenty-one years of age, and shall hold his office for two years, and until his successor is elected, commissioned and qualified." [R. S. 1909, sec. 1000.]

The information is silent as to whether respondent had been duly licensed to practice law in this State previous to the judgment of disbarment, and at the

date of his election; so it is to be presumed he had been. Therefore, he was qualified for the office when elected, which is all the cited section requires if enforced literally. The requirement as to age makes it clear, were it otherwise doubtful, that the primary object of the law was to prescribe the qualifications a person must possess when elected prosecuting attorney, to entitle him to the office after he is elected. The facts stated in the information in the case at bar do not require us to say whether, by a reasonable construction of the language of the controlling statute, the conclusion can be reached, that if a person is elected prosecuting attorney while he holds a license to practice law in the State, the requirement of that qualification for the office is satisfied, as nothing is said about the license continuing in force as a condition on which he may retain the place. But it must be borne in mind that this proceeding is penal in its nature and, further, that a disbarment statute is too, and not to be extended beyond its terms. [Moutray v. People, 162 Ill. 194; and see State ex rel. Meed v. Week, 129 Mo. 431, a case construing a similar statute.] If the case is brought down to the precise point involved, it becomes unnecessary to decide whether a judgment of permanent disbarment and revocation of the license of a prosecuting attorney, would disqualify him, within the spirit and intention of the statute, to hold his position, the essential inquiry being the narrower one as to the effect, in that regard, of a temporary suspension. In this connection we observe that various offenses disqualify the perpetrator to hold office, and others are made causes for forfeiture and removal; among them are murder, felonious assault, robbery, arson, larceny, fraud or oppression in office, corrupt practices in election, drunkenness, etc. [R. S. 1909, secs. 4504, 6051, 6056, 4411, 4412 and 10203.] There are other sections on the subject and regulating the procedure to be followed, including Sections 10203 et seq., which provide for a trial by jury to determine the guilt of the accused. We observe, too, that there are occasional provisions

for either suspension or removal of guilty officials, according to the seriousness of the offense; and also for the temporary suspension of certain officers when charged with misconduct or a crime until the charge is tried; for example, clerks of courts of record. [R. S. 1909, secs. 9784, 9785, 9941 and 2689.] More germane to the matter in hand is the law authorizing a circuit or prosecuting attorney in cities of one hundred thousand inhabitants or more, when indicted for designated violations of the law, to be suspended until the indictment has been disposed of in his favor; whereupon he is to be restored to office and the person appointed to serve in his stead during the suspension, ceases to act. [R. S. 1909, secs. 998, 999.] In a proceeding under Article 2, Chapter 90, Revised Statutes 1909 (or Sections 10203 et seq., cited above), to remove a county, city or township officer, if there is a conviction, the defendant is allowed an appeal to this court, pending the appeal is suspended, and if the appeal results in his favor, he is paid for the time for which he was removed. Those statutes are referred to because they show the policy of the State is, that a duly elected or appointed official shall not be deprived of his position except for remissness in the performance of the duties of the office, or conviction of some crime which demonstrates he is unworthy to hold a position of honor or trust. Not only is said policy to be gleaned from statutory enactments, but this court has decided that if an official possesses the requisite qualifications for his position, he can be removed from it only for misconduct connected with the performance of the duties of the office, except when some transgression apart from those duties is made by statute cause for removal; and that rule is general. [State ex rel. v. Sheppard, 192 Mo. 497, 511.] We cite as somewhat pertinent to our present inquiry, a case in which this court prohibited a circuit judge from suspending from practice, temporarily, an attorney who had appealed from the sentence, the court saying that no power was given by the statutes concerning disbarment, or elsewhere, to suspend

for any period. [State ex rel. Larew v. Sale, 188 Mo. 493.]

Although numerous causes for removal, including official and non-official misconduct are given in our statutes, suspension from the practice of the law is nowhere made cause for removing a prosecuting attorney; but, of course, the conduct for which he was suspended may be a cause. The information omits to state for what offense the relator was suspended from practice, as it proceeds upon the theory (this being a *quo warranto* case and not one to remove under the sections cited above) that respondent is no longer qualified to hold the office in consequence of the judgment alone, the reason for the judgment being immaterial. That he ceased thereby to be an attorney licensed to practice in the State is not asserted in so many words, but necessarily is implied to complete the contention of the relator. Hence, as there is no express requirement of law that a prosecuting attorney must continue, on pain of ouster, to be a licensed practitioner throughout the term for which he was elected, we must determine whether the statute prescribing the qualifications he must have when elected, should be construed to mean a temporary suspension from practice is ground of ouster.

Relator cites and relies on authorities wherein it was said, either by way of dictum or decision, that a judgment of disbarment needs no help from an execution, writ of assistance or other process, but is self-executing, and therefore an appeal with bond supersedes nothing of the judgment except the award of costs. [Walls v. Palmer, 64 Ind. 493; Tyler v. Presley, 72 Cal. 291; In re Kirby, 10 S. Dak. 414; Thornton on Attorneys, p. 1237; 6 C. J. 611.]

Other authorities are cited for the proposition that *any* judgment to prevent the party against whom it is rendered from taking affirmative action of some kind, is not stayed by an appeal with bond; especially if the bond required by statute is intended only to secure the payment of costs; the reason being that in such in-

stances if the judgment were superseded by the appeal or writ of error, the forbidden act might be done and the mischief to be prevented would ensue. [State ex rel. Busch v. Dillon, 96 Mo. 56; State ex rel. v. Denton, 128 Mo. App. 304, 314.] According to this principle it has been held in cases of contested elections, that the party to whom the office is adjudged in the trial court, is entitled to keep it during an appeal. [State ex rel. Craig v. Woodson, 128 Mo. 497, 518; Jayne v. Dror-baugh, 63 Iowa, 711; Powers v. Commonwealth, 110 Ky. 386, 439; People ex rel. v. Stephenson, 98 Mich. 218; Allen v. Robinson, 17 Minn. 113; Fawcett v. Superior Court, 15 Wash. 342.] Even in such cases the form of the bond for appeal is material, as appears from Jayne v. Drorbaugh, and State ex rel. v. Woodson, supra, in both of which the statute required a bond for costs only. There are decisions in this State not easy to reconcile with the doctrine that an appeal or writ of error with bond, supersedes no more than the costs of a case when the judgment operates to prevent affirmative acts. Among them is State ex rel. v. Guinotte, 156 Mo. 513, in which it was held a judgment establishing a will was superseded by an appeal and the administrator appointed in lieu of the executrix named in the will, was entitled to continue the administration as against the executrix until the appeal was determined. In Cuendet v. Henderson, 166 Mo. 657, an appeal with bond from an order of a probate court revoking letters of administration was ruled to supersede the order of revocation so as to permit the administrator, against whom the order of removal was made, to continue his functions. The same ruling was made in an appeal to the circuit court from an order of the probate court revoking a guardianship, and from the order of the circuit court confirming said order, to an appellate court. The judgments of removal were held superseded by the appeals, thereby enabling the guardian to go on with his acts of guardianship. [State ex rel. v. Bird, 253 Mo. 569.] In another case the ruling was that an attorney who had been re-

fused recognition by a court until he was purged of contempt, had paid a fine and served a jail sentence, was entitled to practice during the pendency of an appeal. [Bird v. Gilbert, 40 Kan. 469.] Cases of that character often turn on relevant statutes rather than on a general principle or rule; and we have noticed those cited, because they have been pressed upon our attention by the respective parties to this litigation, rather than because they throw light on how it should be decided.

If we accept the doctrine that a judgment of disbarment, and other judgments to restrain affirmative acts, remain effective during an appeal, it comes no closer to the present case than to support the proposition that respondent is disabled to practice law during the period for which he was suspended, unless the appeal is determined sooner in his favor, and fails to touch the problem of whether, therefore, he can be ousted from office. That is the question for decision and one for which we know of no precedent; therefore the answer to it must depend on the construction of pertinent statutes, and the spirit of the decisions of this court in cases dealing with disbarments and removals from office.

Concede that the respondent could not lawfully engage in the general practice while suspended, does it follow that he is no longer an attorney licensed to practice in this State, or is the exercise of his license merely suspended? Is a suspension from practice for twelve months equivalent to a total revocation of license ever to practice? How can suspension of an attorney from practice have a greater effect on his license than to suspend the use of it? If respondent has been usurping the office he holds since his disbarment, it was his duty to resign the instant judgment went against him, a conclusion which strikes the mind as extreme. We are of opinion that, at most, the effect of the judgment in question was to take away from respondent the benefit of his license during the period of suspension; not to extinguish it; and that at the end of twelve months,

or before, if his appeal is heard and sustained sooner, he will be entitled to practice without procuring a new license; will be reinstated as an attorney under the license heretofore issued to him. If the judgment took away his license forever, another would need to be obtained, and we know of no statute or rule of law requiring that to be done.

So much for the technical phase of the case. But regardless of that obstacle to accepting relator's view. we think the disbarment proceeding, even if it worked a total annulment of respondent's license for the time being, would not be ground for taking away his office —that such result was not within the intention of the Legislature in enacting either the statute prescribing the qualifications of a prosecuting attorney, or those providing for the disbarment of attorneys.

When the law expressly attends a judgment with a particular effect, or imposes specific penalties upon a transgressor, an argument about the hardships thereby entailed is of no weight to mitigate the rigor of the consequences. But where the law does not definitely pronounce that a particular loss or penalty shall follow an offense, or a judgment, the question of whether or not it does follow, must be determined by construction; and then the fact that the alleged loss or penalty is one of undue and disproportionate hardship, is to be considered in deciding whether it must be suffered. [2 Lewis-Sutherland, Stat. Const. (2 Ed.) p. 915.] If respondent is ousted he will lose his office for the remainder of the term, there being no law for the appointment of a temporary successor, whereas the term of suspension must end twelve months from the date of the judgment and may end sooner. A prosecuting attorney might be suspended from practice for a month, perhaps by a judgment which a reviewing court would hold erroneous, and if a proceeding in *quo warranto* could be filed and heard in that interval, he would be deprived of his place and its emoluments, possibly for nearly two years.

We find nothing in the statutes or in the decisions of this State or other states, to compel so harsh a construction. Therefore, without deciding what would be the effect if respondent had been permanently disbarred, we hold that the temporary suspension of him for twelve months does not subject him to ouster from his office or disable him to practice so far as the performance of its duties require.

The demurrer to the information is sustained.

All concur.