**Charles BRUNO, Appellant,**

**v.**

**Fred A. MURDOCK et al., Respondents.**

**No. 24478.**

Kansas City Court of Appeals.

Missouri.

June 29, 1966.

Motion for Rehearing or for Transfer
to Supreme Court Denied
Aug. 31, 1966.

Kenneth K. Simon, Kansas City, for appellant.

John C. Thurlo, R. Robert Cohn, Kansas City, for respondents.

BLAIR, Judge.

Charles Bruno was convicted in the United States District Court for the Western District of Missouri of willfully and knowingly making and subscribing and then filing with the Director of Internal Revenue a verified income tax return "which he did not believe to be true and correct as to every material matter." His offense was a felony under federal law. He was a resident of Kansas City, Missouri, and a duly registered voter. Notified of his conviction, the respondents, the Board of Election Commissioners for Kansas City, struck his name from the registration roll of eligible voters. Sec. 117.400 V.A.M.S. The board took this action on the ground that his conviction of this federal felony disqualified him from voting in this state. Its action was based on Secs. 111.060 and 111.040, V.A.M.S. Those sections disqualify all citizens from voting in this state if they have been "convicted of a felony". Bruno appealed the action of the board to the Circuit Court of Jackson County. It affirmed the board's action. He appeals.

His contention is that the cancellation by the board of his voter registration "was unlawful, unauthorized and unconstitutional, appellant's conviction being for an offense that was a misdemeanor under the laws of Missouri." Although he asserts the action of the board was unconstitutional, no constitutional question was raised or ruled in the trial court and therefore none exists in the appeal to this court. City of Olivette v. Graeler, Mo., 369 S.W.2d 85; Barnes v. Anchor Temple Association, Mo., 369 S.W. 2d 192; Meadowbrook Country Club v. Davis, Mo., 384 S.W.2d 611.

Affirming the ruling of the board, the trial court placed its entire reliance on State ex rel. Barrett et al., Board of Election Com'rs v. Satorious, Judge, en Banc, (1943) 351 Mo. 1237, 175 S.W.2d 787, 149 A.L.R. 1067, a certiorari proceeding to review an order of the Circuit Court of the City of St. Louis requiring the Board of Election Commissioners for St. Louis to permit one Owen to be registered as a qualified voter. Owen had appealed to the circuit court from the action of the board in striking his name from the roll of registered voters. The board had taken this action because Owen had been convicted of a violation of the federal income tax laws. His offense was a felony. He contended that he had never been convicted of a felony under the laws of this state and was therefore qualified to vote in this state notwithstanding his conviction of a federal felony. The circuit court so ruled.

In the Supreme Court, the principal opinion was written by Judge Hyde and concurred in by Judges Douglas, Gantt and Tipton. A careful and extensive analysis was made of the statutes of this state disqualifying convicted felons from voting and of decisions from other jurisdictions ruling for and against Owen's contention. The principal opinion then declared without any qualification or reservation: "We, therefore, rule that any one convicted for felony under the United States laws is excluded from the right of voting in this state." One decision on which the majority placed reliance was State ex rel. Olson v. Langer, 65 N.D. 68, 256 N.W. 377, construing a voter disqualification section of the North Dakota Constitution using general language similar to that employed by our disqualifying statutes. The proceeding was in quo warranto to oust the respondent from the office of Governor of North Dakota because he had been convicted during his tenure in a United States District Court of a federal felony, conspiracy to defraud the United States by corruptly administering the Emergency Relief Acts of Congress. The offense was only a misdemeanor under the law of that state. 256 N.W. 1. c. 388. The theory of the proceeding was that by reason of respondent's conviction of a federal felony during his tenure he had become disqualified to continue to serve as Governor, owing to the constitutional provision of that state which required a Governor to be a qualified voter at all times and that by his conviction he had lost the right to vote. He was ousted from the office of Governor on that ground.

In Satorious, Judge Ellison wrote a separate opinion concurring only in the result reached by the majority. He was joined in this opinion by Judges Leedy and Clark. He said: "I concur in the result. The cause is submitted by respondent's return solely on the legal theory that the phrase 'convicted of [a] felony' appearing in Sec. 2, Art. VIII of the Constitution, and Sec. 11469 [Sec. 111.060, V.A.M.S.], refers only to convictions in *Missouri* courts of felonies under the laws of Missouri and *committed in Missouri*. Respondent's ruling below was that since voter Owen had not been convicted in a Missouri court, but in the Federal court, of a felony (evading payment of income tax) under the laws of the United States, not the State of Missouri, therefore the Board of Election Commissioners had no power under Sec. 11469, supra, to strike his name from the registry of qualified voters. The principal opinion holds against that restrictive contention, and to that general ruling I agree. But I do not agree to the sweeping conclusion that the constitutional provision and statute, supra, refer to any felony under the laws of any other jurisdiction, regardless of whether the same act would be a felony or any crime at all, if committed in Missouri. As a matter of fact evasion of state income tax in Missouri is only a misdemeanor. Secs. 11371, 11372."

Speaking of the sweeping conclusion reached by the majority and of State ex rel. Olson v. Langer, supra, he said: "The principal opinion quotes an excerpt from the Langer case, supra, decided in North Dakota, which says it makes no difference in the application of the rule that moral views may differ in the several jurisdictions and that an act may be treated as a serious offense in one and not in another. But this would result in disqualification of a voter for violation of the blue laws of any other states that still have them; and even of the penal laws of foreign countries which are wholly unknown here—if our statute includes those jurisdictions. And it would further result that a voter could be disfranchised who is morally blameless according to our own standards; or, on the other hand, that he could evade payment of his Missouri income tax with impunity, whereas he would be denied the right to vote if he evades payment of his Federal income tax. In other words, to secure equal treatment for all voters our laws would have to parallel the Federal law." Judge Ellison made all of the arguments that Bruno makes on this appeal and ended his separate opinion by saying: *"I respectfully*

*submit that the proper construction of Section 2, Article 8, of the Constitution and Section 11469 is that the voter to be disqualified must have been convicted of a felony in this state or of a felony in another jurisdiction which would be a felony if it had been committed in Missouri. No such situation exists in the instant case.* This conclusion, if adopted, cannot help the voter here because the issue was not raised by the parties either here or below. But the question ought to be decided, or at least not ruled the other way, because of the effect it may have on the voter's future rights and course." Emphasis supplied. Notwithstanding these strong arguments by Judges Ellison, Leedy and Clark, the majority of the court allowed its broad and unqualified ruling to stand.

The Supreme Court has shown no inclination to limit the force and effect of Satorious. On the contrary, it has followed it in a later case. In 1955 in State v. Hermann, Mo., 283 S.W.2d 617, a member of a jury panel failed to disclose on voir dire that he had been convicted in 1942 in the United States District Court for the Eastern District of Missouri of sending obscene letters through the mail, a federal felony. Our state law declares sending an obscene letter through the mail to be a misdemeanor only and this has been continuously true since 1881 to date. Laws of Missouri, 1881, p. 124, Sec. 2; Sec. 563.290 V.A.M.S. This member of the panel was selected as a juror for the trial of a criminal case and the defendant was convicted. Subsequently it was learned that this juror had been convicted of a federal felony. The defendant appealed to the Supreme Court on the ground, among others, that the juror's conviction of a federal felony disqualified him from serving as a juror under our laws and therefore the jury which tried the case was not composed entirely of eligible members and the trial was illegal. It is worthy of

notice that Judge Hyde wrote the opinion of the court. On this contention, the court ruled: "The State further contends that a conviction in a federal court is not a disqualification. Sec. 496.100, applicable to St. Louis County, provides: 'None of the following persons shall be permitted to serve as jurors: * * (5) Any person who has been convicted of a felony'. In State ex rel. Barrett v. Satorious, 351 Mo. 1237, 175 S.W.2d 787, 149 A.L.R. 1067, we held that such broad language without any stated limitation disqualified from voting one who had been convicted of a felony in a federal court. Certainly the reasons given therein are applicable here." The conviction was reversed and the cause was remanded for a new trial.

None of the authorities or arguments put forward by Bruno can serve to diminish the force of Satorious. He argues that "The majority opinion in Satorious was more sweeping than was necessary and should be reviewed." So did Judges Ellison, Leedy and Clark, but without success. Moreover, this is not the court to review that decision. That decision controls this court and only the Supreme Court has authority to alter it or render it less severe. Sec. 2, Art. V, Const. of 1945, V.A. M.S. Bruno was convicted of a federal felony and under the majority decision in Satorious the judgment of the trial court affirming the action of the Board of Election Commissioners in striking his name from the registration roll of eligible voters was the correct one, notwithstanding that his conduct which resulted in his conviction of a federal felony was then and is now only a misdemeanor in this state. Sec. 143.330, subd. 4, V.A.M.S.

The judgment of the trial court is affirmed.

All concur.