John L. REED, Appellant,

v.

John C. DANFORTH et al., Respondents.

No. 55558.

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

John L. Reed, Plaintiff, pro se.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondents.

PER CURIAM:

Plaintiff-appellant, John L. Reed, recently a resident of Seattle and Spokane, Washington, and now, allegedly, a resident of Sedalia, filed in the Circuit Court of Morgan County a "Motion To Show Cause Why Defendants (The Attorney General of Missouri and the Prosecuting Attorney of Morgan County) Should Not Be Removed From Office." The trial court, upon the plaintiff's failure to appear on a date fixed by the court's rules, dismissed the motion and, as indicated, he has appealed from that order.

The substance of his complaint is that his father Emmett L. Reed was killed on October 13, 1955, when struck by an automobile as he walked along Highway 50 in Otterville; that his cousin, Mrs. Keek and her husband, residents of Syracuse, died of lukemia in 1962. Despite these allegations he says that he has evidence that they were murdered and in this connection, in suggestions in support of his motion, he al-

leges that in January 1969 he attempted to see the Attorney General and did see and talk to the Prosecuting Attorney of Morgan County concerning his grievances—that he waited an hour and a half in the Attorney General's office—that the Attorney General walked out and refused to see him and that the prosecuting attorney saw and heard his recitation of grievances but refused to act. In his suggestions he says that these two officials were "acting in concert" and that there was a conspiracy joined in by the "Federal Bureau of Secret Police," to deny him equal protection of the law, a denial and invasion of his civil rights, and that the "Federal Bureau of Secret Police" stole some radioactive material in 1963 in Hanford, Washington, years after the death of his father and one year after the death of his cousin, and the implication of his motion and suggestions is that all this had to do with the death of his relatives and as to the respondents, Attorney General and Prosecuting Attorney, was a violation of their respective oaths of offfice, that the "Federal Courts could not be depended upon to render an honest and just decision," that he is "a political prisoner in the United States" and so the respondents should be removed from office and therefore the Circuit Court erred in dismissing his motion.

Joinder, misjoinder and nonjoinder of parties, venue and numerous other procedural and jurisdictional matters aside and treating his motion as a petition it is essential to any action, whether at the instigation of the state or a citizen, to remove officials that the complaint or petition as in State ex rel. Attorney General v. Collier, 72 Mo. 13 and Antoine v. McCaffery, Mo.App., 335 S.W.2d 474, state a cause of action showing that the named officials for some reason have forfeited their offices or are guilty of such conduct as to require their removal from office. State ex rel. Kempf v. Boal, 46 Mo. 528; State ex rel. McAllister v. Sanderson, 280 Mo. 258, 217 S.W. 60. It is not necessary to characterize the appellant's pleading, it is

**410**

sufficient to say that it does not state a cause of action for the removal of these two named public officials and the trial court appropriately dismissed his action and accordingly the judgment is affirmed.

All of the Judges concur.