STATE ex inf. George A. PEACH, Circuit Attorney, St. Louis City, Relator,

v.

Benjamin L. GOINS, Sheriff of the City of St. Louis, Respondent.

No. 60873.

Supreme Court of Missouri, En Banc.

Nov. 9, 1978.

Rehearing Denied Dec. 18, 1978.

George A. Peach, pro se.

Terrence J. O'Toole, First Asst. Circuit Atty., St. Louis, for relator.

Burton H. Shostak, St. Louis, for respondent.

## PER CURIAM.

This is an original proceeding in quo warranto filed by the relator, the circuit attorney of the City of St. Louis, to declare that the respondent, Benjamin L. Goins, the sheriff of the City of St. Louis has forfeited his office because he has been found guilty by a jury and sentenced by the United States District Court for certain felony offenses against the United States. We have original jurisdiction. Art. V, § 4, Mo.Const.

### I.

The facts are not complicated or complex but the legal issues involved are not easily resolved and raise important questions relating to the holding of the public office of sheriff.

In April, 1977, the respondent, Benjamin L. Goins was elected sheriff of the City of St. Louis. He qualified and entered upon the duties of that office on June 3, 1977. Prior to entering upon his duties as sheriff, respondent was the license collector of the City.

On April 10, 1978, the Grand Jury for the Eastern District of Missouri charged respondent with several felony offenses in violation of federal laws. Count I alleged that § 558.020 [1] prohibits a public official from accepting money or a promise of money under an agreement to perform an official duty with partiality or favor and charged him with a pattern of "racketeering activity" in violation of 18 U.S.C. sections 1962(a) and 1963. Count II charged respondent with "knowingly" making "false material declarations" before the Grand Jury in violation of 18 U.S.C. section 1623. [2]

Count III charged that the respondent obstructed the due administration of justice by advising and counseling a grand jury witness to give false testimony in violation of 18 U.S.C. section 1503. [3] Counts IV, V and VI charged respondent with false income tax returns for the years 1973, 1974 and 1975, in violation of 26 U.S.C. section 7206(1).

Trial on the indictment was held in June, 1978. On June 24, 1978, after a two week trial the jury returned verdicts of guilty on all six counts. On July 14, 1978, the District Judge found in his judgment that the respondent "has been convicted as charged of the offenses of [1] engaging in a pattern of racketeering activities while he was the duly elected License Collector of the City of St. Louis, . . . in that he knowingly

---

1. Section 558.020, RSMo 1969 prohibits any public officer from directly or indirectly accepting or receiving any gift, consideration, or gratuity or reward, or any promise or undertaking to make the same. All references are to RSMo 1969 unless otherwise indicated.

2. Section 557.010, establishes the offense of perjury in Missouri. Section 557.490, provides that "Every person who shall be convicted of any perjury or subornation of perjury, punisha-

ble by any of the provisions of this chapter, . . . shall be disqualified from . . . holding any office of honor, profit or trust within this state."

3. Section 557.040, provides that subornation of perjury is an offense, and § 557.080, makes it a felony to attempt to corrupt a witness in any "cause, matter or proceeding, in or concerning which such other person might by law be sworn or affirmed . . . ."

and unlawfully violated Section 558.020, Revised Statutes of Missouri (1969) . . . In violation of Title 18, United States Code, Sections 1962(a) and 1963, as charged in Count I of the Indictment;" [2] "knowingly while under oath before the Grand Jury, made false material declarations then knowing said declarations were false, while said Grand Jury of the United States had been duly empaneled and sworn . . . and were investigating corruption in the government of the City of St. Louis . . . In violation of Title 18, United States Code, Section 1623, as charged in Count II of the Indictment;" [3] "endeavored to influence, obstruct and impede the due administration of justice in the United States District Court . . . by urging, advising and counseling a prospective witness to give false and misleading testimony before the Grand Jury of said District, [i]n violation of Title 18, United States Code, Section 1503, as charged in Count III of the Indictment;" and [4] "willfully and knowingly made . . . United States Individual Income Tax Returns, . . . which . . . he did not believe to be true and correct . . . In violation of Title 26, United States Code, Section 7206(1), as charged in each of Counts IV, V and VI of the Indictment."

On Count I, the court sentenced the respondent to a term of five years and a fine of $3,000.00; on Count II, respondent was sentenced to a period of one year and fine of $1,000.00 to run consecutively with the term imposed under Count I; on Count III, respondent was sentenced to a term of one year and fined $1,000.00, imprisonment to run consecutively with the terms of confinement imposed under Counts I and II and on Counts IV, V and VI, respondent was sentenced to a term of one year and fined $1,000.00 on each count but placed on probation for a period of five years. Hence, respondent was sentenced to a total of seven years and fined $8,000.00.

## II.

On July 17, 1978, respondent filed his notice of appeal to the United States Court of Appeals, and at the same time he declared his intention to remain in the office of sheriff pending the exhaustion of all appellate remedies.

On July 20, 1978, the relator—circuit attorney—filed an information in this court alleging the above facts, prayed that respondent be "declared to have forfeited his office", and that the office be declared vacant. In his suggestions relator contended that because the respondent had been "convicted" of several felonies, "he has become disqualified from holding, and has forfeited, an office in which he was initially qualified to serve."

In Respondent's response, he admitted that on July 14, 1978, a judgment of "guilty and sentence" was imposed in the United States District Court, for the above violations, but contended that he had not been "convicted" of a felony "until he has exhausted all of his appellate remedies and therefore can not and should not be removed from office upon the allegations made." To remove him prior to the exhaustion of all his appellate remedies would deny him of his liberty without due process and violate his civil rights contrary to 42 U.S.C.A. Section 1983. He admitted that the federal offenses have been appealed to the United States Court of Appeals and further contended, in effect, that since he had not been found guilty or sentenced on any offenses against the State of Missouri he has not been "convicted" of any felony in Missouri.

In addition to the response to the information, respondent filed (1) a motion to dismiss because relator failed to give a five day notice, contrary to Rule 84.24 and (2) a motion to remand to the circuit court because certain fact issues should be resolved and the proceeding more properly lies in that court.

The brief of the relator filed in this court essentially contends (1) that the respondent should be ousted because he has become disqualified from holding the office of sheriff under the provisions of either § 57.010 or § 557.490, or both, (2) that a finding of guilt and sentence in the federal court is sufficient to constitute a disqualification from office under the above statutes although

the respondent has not been found guilty under specific Missouri law and (3) that respondent has forfeited his office because of the "convictions" in the federal court and such forfeiture is unaffected by the pendency of his appeal to the United States Court of Appeals.

Respondent opposes each of these basic contentions. Respondent contends that § 57.010 merely sets out the qualifications of the office of sheriff and is not a disabling or a disqualification statute and that § 557.490 disqualifying a public official who has been convicted of perjury in another sovereignty does not authorize or allow forfeiture of office since no offense has been committed under Missouri law.[4]

The essential issues therefore which we must resolve are (1) whether § 57.010[5] or § 557.490[6] or both disqualify the respondent from serving in the office of sheriff, (2) whether a finding of guilt by a jury and subsequent sentence thereon in the United States District Court of several felonies is sufficient to disqualify the respondent from the office although there has been no conviction for a felony in this state, and (3) whether the pendency of an appeal of the federal offenses precludes forfeiture of the respondent's office.

### III.

■ Before we reach the substantive issues, we deny the respondent's motion to

4. Respondent contends that the provisions of the new criminal code § 561.021, RSMo Supp. 1977, specifically provide for forfeiture of office if a person is convicted under the laws of this state *or under the laws of another jurisdiction* which if committed in Missouri would be a felony. He contends that this shows the legislative intent that under the present laws the General Assembly intended that forfeiture of office under the present laws can only take place when a person has been convicted under Missouri law.

5. "No person shall be eligible for the office of sheriff who has been convicted of a felony. . . . "

6. "Every person who shall be convicted of any perjury or subornation of perjury, punishable by any of the provisions of this chapter . . . shall be disqualified from voting at any election, or holding any office of honor, profit or trust within this state."

dismiss and motion to remand the cause to the circuit court. Rule 84.24 provides that " . . . Whenever the required [five day] notice would, in the judgment of the court, defeat the purpose of the writ, it may be dispensed with. . . . " As respondent acknowledges, this provision expressly recognizes the power of the court to waive the notice requirement. The respondent was served with the petition and our order to show cause was issued. The rule is not jurisdictional. If the relator failed to comply with the strict requirements of the rule, we conclude that the interests of justice would best be served by waiving the requirements. *Cf. State v. Missouri Utilities Co.,* 339 Mo. 385, 96 S.W.2d 607, 614 (1936).

■ We also deny the motion to remand. Article V, Section 4, Mo.Const. vests concurrent jurisdiction in this court. Because of the importance of the issues, we accept jurisdiction and waive the procedural requirements of Rule 84.22.[7] *State ex inf. Roberts v. Buckley,* 533 S.W.2d 551, 553 (Mo. banc 1976).

### IV.

■ Turning to the substantive issues we must determine whether §§ 57.010 and 557.490 constitute a disqualification for the office.[8] Section 57.010 specifically and ex-

7. It should be noted that the procedures of law, to remove public officials from office, § 106.220, do not divest this court of jurisdiction in a quo warranto proceeding. *State ex inf. Roberts v. Buckley,* 533 S.W.2d at 553; *State v. Orton,* 465 S.W.2d 618, 628 (Mo. banc 1971), *cert. den.* 404 U.S. 852, 92 S.Ct. 90, 30 L.Ed.2d 92 (1971); *State v. Wymore,* 343 Mo. 98, 119 S.W.2d 941, 945 (1938).

8. Respondent contends that § 57.010 only deals with the *election* of a person *to* the office of sheriff and provides for the qualifications of the sheriff and that it does not deal with the disabling or disqualification of the office holder. He contends that the title of the act relates to qualifications and to use the statute as a disqualifying provision would violate Art. III, Sec. 23 prohibiting bills from containing more than one subject. We recently discussed this constitutional section in *Brown-Forman Distillers Corp. v. McHenry,* 566 S.W.2d 194 (Mo. banc

pressly provides that no person shall be eligible for the office of sheriff who has been convicted of a felony. Although the General Assembly in adopting this section did not specify that a conviction of a felony while in office would result in a disqualification from office, this interpretation is clearly and logically embodied therein. Not only does such an interpretation necessarily follow but public policy dictates such an interpretation. It is not logical to conclude that such a public official is disqualified from election if he commits a minor felony prior to election but is not disqualified if he commits a major one after taking the oath. Section 57.010 is a part of a larger scheme of qualifications for and disqualifications from public office.[9]

An analogous issue was addressed by this court in *State v. Sanderson*, 280 Mo. 258, 217 S.W. 60 (Mo. banc 1919). In *Sanderson*, the attorney general instituted a proceeding in quo warranto to oust a prosecuting attorney. The relator's argument was premised on a statute which specified the qualifications for the office of prosecutor and not on the conduct which led to the suspension of the prosecutor's suspension from the practice of law. While not authorizing ouster because of a *temporary* suspension from the practice of law, the court chose not to decide whether a permanent disbarment from the practice of law would be a disqualification for the office of prosecutor. " . . . [I]t becomes unnecessary to decide whether a judgment of permanent disbarment . . . of a prosecuting attorney would disqualify him . . . to hold his position; . . ." 217 S.W. at 61. But in *State v. Stice*, 186 Kan. 69, 348 P.2d 833 (1960) the Supreme Court of Kansas ruled that the statutory qualifications that a judge shall at the time of election be authorized to practice law requires that each attorney becoming a

judge must continue to possess that right as a qualification for office. Although the statute in *Stice* was worded in terms of a qualifying one, the effect was one of disqualification.

To adopt the respondent's contention that § 57.010, is merely a qualifying and not a disabling statute would lead to illogical results, thwart the public policy behind the statute, and not be in accord with the above analogous authorities.

By its terms § 557.490 operates explicitly to disqualify a person from holding an office of honor, profit or trust who has been convicted of any perjury or subornation of perjury punishable "by any of the provisions of this chapter . . . ." Respondent does not contend that this section is not a disqualifying statute but rather contends that the section is inapplicable because it has no application to a "conviction" in another sovereign and does not apply since respondent has not been convicted in Missouri "by any of the provisions of this chapter, . . . " This issue will be discussed *infra*.

We are compelled to conclude that § 57.010 is not merely a qualifying statute relating to the qualifications for election to the office of sheriff but is also a disabling or disqualification statute and is applicable to a person who has been "convicted" of a felony while in office. And for reasons hereinafter stated we believe that § 557.490, providing for the disqualification from holding any office of "honor, profit or trust within this state" for any person convicted of any perjury or subornation of perjury is not only a disabling statute but is applicable when a public officer has been found guilty of and sentenced for a felony in another sovereign which, if committed in Missouri, would have been a felony.

---

1978). The principles there are applicable and we hold that the title of the bill of § 57.010 is not subject to any constitutional infirmity.

9. Article III, Sec. 4, Mo.Const., recognizes that a public official convicted of a felony may be excluded by law from voting. Section 106.220, provides that an elected official who is guilty of any willful violation or neglect of duty shall forfeit office. For cases dealing with this sec-

tion in quo warranto proceedings, see *e. g., State v. Orton, supra,*—sheriff ousted for misconduct; *State v. Mosley*, 365 Mo. 711, 286 S.W.2d 721 (Mo. banc 1956)—sheriff ousted for willful failure to enforce the law; *State v. Williams*, 346 Mo. 1003, 144 S.W.2d 98 (Mo. banc 1940)—sheriff ousted for neglect of official duty.

## V.

We turn to the issue of whether the respondent is disqualified under the provisions of the above sections when he has been found guilty by the jury and sentenced by the federal court for the felony offenses although there has been no "conviction" of felony offenses in Missouri. The issue is certainly not new.[10] The majority of jurisdictions which have addressed the issue hold that a "conviction" of a felony under federal law disqualifies a person from voting or holding public office in the state although he has not been "convicted" in the state system.

The seminal case in Missouri, a voting case rather than a public official case, is *State v. Sartorious,* 351 Mo. 1237, 175 S.W.2d 787, 149 A.L.R. 1067 (1943). There this court held that one who had entered a plea of guilty to an indictment for attempting to evade payment of federal income taxes, a felony under federal law, did not have the right of franchise in Missouri. The respondent in that case, as the respondent here, argued that while he was guilty of a felony under federal law he had not been convicted of a felony under Missouri law. (In fact the offense in Missouri was a misdemeanor). In rejecting this contention, this court held that a conviction in the federal system of a felony was sufficient to disqualify the respondent from voting in Missouri. This court held that a person convicted of a felony under the laws of the United States was excluded from the right to vote in Missouri although he had not been "convicted" under the laws of Missouri.[11] In the course of the opinion, the court relied upon *State v. Langer,* 65 N.D. 68, 256 N.W. 377 (1934).

"The manifest purpose [of disqualification] is to preserve the purity of the ballot box, which is the only sure foundation of republican liberty, and which needs protection against the invasion of corruption, just as much as against that of ignorance, incapacity, or tyranny. . . . Acts constituting felony may differ in different jurisdictions. Statutes simply embody the standard established by the public conscience . . . . But he who violates the statute must be held to know what he is doing when he does the prohibited act and to know the consequence in the way of penalty. His personal standard cannot be the measure of the character of the act or its depravity. . . . Accordingly, he who sets himself above the law and does an act, regarded by the United States as of so serious a nature as to be prohibited and penalized as a felony, may well be held in this state to be unfit to participate in governmental affairs." (Quoted in *Sartorious,* 175 S.W.2d at 790).

Thus it is clear that a finding of guilt and sentence thereon in the federal system is sufficient, under the above and other numerous authorities, to disqualify a person from holding an office of honor, trust or profit although he has not been "convicted" of such offenses in this state. The respondent here was found guilty of several felony offenses under the laws of the United States which if committed in Missouri would have been felonies in this state. The language of § 557.490 requiring a conviction of perjury or subornation of perjury "by any of the provisions of this chapter", does not, in our opinion, preclude disqualification from holding any office of honor, profit or trust within this state. It is sufficient, under the authorities, for disqualification from public office to have been found guilty and sentenced for violations of felony offenses under the federal laws as long as

10. See cases collected in Annotations 175 A.L.R. 784 (1948); 20 A.L.R.2d 732 (1951) and 39 A.L.R.3d 303 (1971).

11. Ellison, J., concurred in the result because of his misgivings that the majority held that a conviction of any felony in another sovereign was sufficient to disqualify a person in Missouri.

On the authority of *Sartorious,* the decision of a board of election commissioners to strike a name from the roll of eligible voters because he had been convicted of a felony of income tax evasion under the laws of the United States even though the conduct would only have been a misdemeanor in Missouri was upheld in *Bruno v. Murdock,* 406 S.W.2d 294 (Mo.App.1966).

those offenses would be felonies if committed in this state.

Consequently, we hold that the respondent, having been found guilty and sentenced in the federal system for felony violations under the federal laws, is within the purview of §§ 57.010 and 557.490 and is subject to disqualification from office although he has not been convicted under the laws of Missouri. "Conviction" under federal laws provides the basis for disqualification from public office since the offenses would be felonies under Missouri law.[12]

## VI.

■ We turn to the crucial and core issue in this proceeding. Respondent contends that "he has not been convicted . . . until he has exhausted all of his appellate remedies" and hence is not disqualified from office. He argues that both "reason and justice" dictate this conclusion.[13] Respondent contends that he has not been "convicted" of a felony as that term is used in Missouri law so as to require the respondent's disqualification.

The issue is not resolved easily. On the one hand the respondent's federal cause may be reversed on appeal and he may be discharged from all the offenses for which he was found guilty; on the other hand permitting the respondent to discharge his official duties[14] may well be detrimental to the public interest.

Section 57.010, as well as many other statutes in this state, does not define the term "conviction" in explicit detail.[15]

Numerous statutes and rules in this state use the term without providing a guidance as to an exact definition.[16] The meanings of the term range from a simple finding of guilt by judge or jury[17] to an exhaustion of the appellate process, depending upon the context of the proceeding and the policy involved.

In some contexts there is no conviction until the appellate process is exhausted. For example in *State v. Blevins, supra,* we held that for purposes of impeaching a witness there is no "conviction" within the meaning of § 491.050, until there was a final judgment made so by affirmance on appeal or by lapse of time permitted for notice of appeal.

Recently in *Warren v. Director, Missouri Division of Health, supra,* the Kansas City District stated that the term conviction is used in its popular sense of a verdict of guilty when reference is made to the successive steps in the criminal proceeding, but it may be used in a more strict sense of requiring a final judgment when the con-

12. Respondent was found guilty and sentenced in the federal system of at least three felonies which would be felonies in this state: (1) racketeering—Missouri equivalent—§ 558.020, (2) false statements to grand jury—Missouri equivalent—§§ 557.010 and 557.020, (3) obstructing the administration of justice by urging a witness to give false testimony—Missouri equivalent §§ 557.040, 557.050, and 557.080.

13. "To hold otherwise, as relator seeks, is to permit a situation wherein respondent, while his case is on appeal, could testify at a trial without fear of perjury that he has not been convicted of a crime (*State v. Blevins,* 425 S.W.2d 155 [(Mo.1968)]), while at the same time having been ousted from office because he has been convicted of a crime."

14. See §§ 57.490, 57.100 and 84.200.

15. Neither does the new criminal code relating to forfeiture from office.

16. See *e. g.,* Art. VIII, Sec. 2—voting; Section 7.010 of the Comprehensive Election Act of

1977; Section 43.060,—no "convicted" person to be appointed to highway patrol; Section 84.120,—municipal police force to be composed of persons not "convicted"; Section 311.060 and 312.040,—liquor license not to be issued of persons "convicted" of a violation of liquor laws; Section 326.130,—profession of accountancy can be denied to a person "convicted" of a felony; Section 327.441, (architect); Section 330.160, (podiatry); Sections 332.321, 332.331, (dentists); Section 335.066, RSMo 1975 Supp. (nurse); Section 339.110, (real estate broker); Article V, Section 24, Mo.Const. (judges); Section 195.040–2,—controlled substance; Section 491.050,—suspended imposition of sentence is not a conviction at least for purposes of licensure. See *Warren v. Director, Missouri Division of Health,* 565 S.W.2d 740 (Mo.App.1978). This is not an exhaustive list.

17. *Ex parte Collins,* 94 Mo. 22, 6 S.W. 345 (1887); Section 556.020.

text of the situation involves some collateral adverse consequences such as the loss of privileges or the imposition of a disability. *Warren*, 565 S.W.2d at 743.[18] No issue of appeal was there involved.[19]

In the great number of decisions in other states which have faced this core issue, dealing with disqualification of public officials although the case is pending on appeal, the overwhelming majority of decisions have held that even though an appeal is taken from a finding by the jury of guilt and sentence thereon, there is a "conviction" within the meaning of statutes providing for the disqualification of a public officer from holding office.[20]

"A majority of the cases, where there were provisions declaring, in substance, that a public office shall become vacant upon the incumbent's conviction of a felony . . . have been that, notwithstanding an appeal, there was a conviction within the meaning of the provisions and that such conviction caused an immediate vacancy despite the appeal . . . ." 71 A.L.R.2d at 600.

18. *Warren* was decided in the context of refusing a license to a physician to dispense controlled substances on the ground that he had been convicted of a federal narcotics violation and was given a suspended imposition of sentence. In this context the court held there was no conviction. Appeal of the federal offense was not involved. *Warren* did not involve a public official.

19. Respondent relies upon *State ex rel. Larew v. Sale,* 188 Mo. 493, 87 S.W. 967 (1905) which held that an attorney cannot be suspended from practicing his profession while an appeal was pending. This case is not controlling. It did not involve a public official. *Cf.* Rule 5.20 which changes the effect of *Larew.*

20. See Annot., 71 A.L.R.2d 593, 599–605 (1960).

21. Under the provisions of law in other states, it is held by the great majority of jurisdictions that a public office is vacated upon a verdict of guilty and sentence thereon and that an appeal does not stay the effect of such vacancy. See *People v. McGuane,* 150 N.E.2d at 177 and numerous cases cited therein—writ of mandamus denied to assessor seeking restoration to office; *State v. Twitchell,* 59 Wash.2d 419, 367 P.2d 1985, 1991 (banc 1962) and numerous cases cited therein—sheriff ousted pending appeal;

The authorities are numerous.[21] The rationale found therein are sound: (1) when there has been a verdict of guilty and sentence thereon, the presumption of innocence no longer follows the person; (2) respect for the law and deference to the trust placed in a public official require that such an official forfeit his office after the presumption of innocence is dispelled by a finding of guilt and sentence; (3) respect for the law and confidence in public officers cannot be compelled—"These attributes stand as a voluntary tribute to just laws and integrity in public office. While they exist, both the law and the official will retain public trust." *People v. McGuane,* 13 Ill.2d 520, 150 N.E.2d 168, 177, 71 A.L.R.2d 580 (1958), *cert. den.* 358 U.S. 828, 79 S.Ct. 46, 3 L.Ed.2d 67 (1958); and (4) the reason for any such disqualification is to protect the public and to retain the confidence of the public.[22]

Probably one of the better statements which demonstrates the underlying policy of the law is *State v. Langer, supra,* 256 N.W. at 389:

*State v. Sullivan,* 66 Ariz. 348, 188 P.2d 592, 599 (1948)—attorney general ousted pending appeal; *McKannay v. Horton,* 151 Cal. 711, 91 P. 598, 601 (1907); *State v. Redman,* 183 Ind. 332, 109 N.E. 184, 188 (1915)—circuit judge removed although federal case pending on appeal; *State v. Jurgenson,* 135 Neb. 136, 280 N.W. 886, 889 (1938), *cert. den.* 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523 (1939)—lieutenant governor ousted although conviction on appeal; *State v. Langer, supra; In re Obergfell,* 239 N.Y. 48, 145 N.E. 323 (1924); *State v. Chapman,* 187 Wash. 327, 60 P.2d 245, 246, 106 A.L.R. 640 (1936); *State v. Levi,* 109 W.Va. 277, 153 S.E. 587, 589 (1930); *Becker v. Green County,* 176 Wis. 120, 184 N.W. 715, 718 (1921) aff'd, 186 N.W. 584, 585 (1921); *Smith v. Noeppel,* 204 Misc. 49, 120 N.Y.S.2d 466, 469 (1953)—police captain; *Bucklew v. State,* 192 So.2d 275, 276 (Miss.1966).

22. Additional reasons generally given are: (1) removal from office resulting from conviction is not a punishment but is a consequence imposed in the interest of the public and sound government, (2) it would be against the public interest to retain in office, pending an appeal, one who upon a verdict of guilty and sentence was no longer presumed to be innocent. See 71 A.L.R.2d at 600; *see also* 20 A.L.R.2d at 734.

"When a person is convicted of a felony, the presumption of guilt immediately attaches, and this presumption is not destroyed or abrogated by an appeal. It is against public policy and against the best interests of sound government that one convicted of a felony shall continue to . . . enjoy the privileges and prerogatives [of public office]. The rights of the public must be paramount to the rights of the individual."

Under these authorities the public interest in the integrity of public officials requires that a public official be free from criminal taint and not be blemished with a conviction of felony, although the cause is pending on appeal. The public is entitled to the service of public officials who are of the highest character. It is of paramount importance to the people to have confidence in the honor and integrity of public officials. Society expects much from its public officials and rightly so. The public interest demands that public affairs be administered by officers upon whom rests no stigma of conviction of a felony.

Hence, we conclude that, when the respondent was found guilty and sentenced in the federal system for the several felonies the robe of innocence was stripped from him. We hold that upon the finding of guilt and sentence thereon in the federal court, respondent was then "convicted" for purposes of disqualification from office despite the pendency of an appeal. Disqualification from office does not violate any of the respondent's constitutional rights. One has no constitutional right to a public office. See *O'Neil v. Baine,* 568 S.W.2d 761 (Mo. banc 1978).

### VII.

■ The proper remedy is quo warranto. This proceeding is of ancient origin. At common law it "was one of the ancient high prerogative writs of right for the King by which inquiry was made into the legality of the claim of one who purported to have the right to enjoy and exercise an office, right or privilege granted by the Crown, and by which a usurper of such royal franchise was ousted." Mo. Bar CLE, Appellate Practice and Extraordinary Remedies—Quo Warranto at 10–2 (2d ed. 1974); *See also State v. Murphy,* 347 Mo. 484, 148 S.W.2d 527, 530 (Mo. banc 1941). Quo warranto is the proper remedy to determine title to office. The writ is not directed against the individual claiming the office. It is directed against his right to hold the office. It is not an action in the interest of any individual. It is an action to protect the public against usurpation. *State v. Wymore,* 119 S.W.2d at 943.

■ The proper remedy is ouster under the principles relating to quo warranto. While there is some discretion in the judgment to be imposed in some quo warranto proceedings, proceedings relating to a forfeiture or disqualification of public office stand on a different footing and involve little discretion. Where there has been a forfeiture of the right to hold public office, the proper judgment is ouster. See *State v. Mosley,* 286 S.W.2d at 732 [on rehearing].

### VIII.

We hold that because the respondent has been "convicted" of certain felonies against the laws of the United States that he is not eligible to continue in the office of sheriff, although the cause is pending on appeal in the federal system. We therefore conclude that the respondent is ousted from the office of sheriff of the City of St. Louis. Costs to be fixed one-half against relator and one-half against the respondent.

It is so ordered.

All concur.